CHARLES J. CLOSE, Respondent, *v.* RICHARD K. NOYE, Appellant.

147  597
151   66
147  597
f165  271

1. MANUFACTURING CORPORATIONS — LEASEHOLD. A leasehold of a building required by a manufacturing corporation for a manufactory is "property" necessary for the business of the corporation, within the meaning of chapter 333, Laws of 1853.

2. STOCKHOLDER'S LIABILITY — EXEMPTION. The exemption from personal liability under section 10 of the Manufacturing Act of 1848 (Chap. 40), formerly conferred by chapter 333, Laws of 1853, upon holders of stock issued in payment for "manufactories and other property necessary for the business of" the corporation, *held*, to extend to the lessor of a building required by a corporation for a manufactory, on stock issued to him prior to the repeal of said acts under an agreement, made on his consenting to an assignment of a lease of the building to the corporation, to accept stock in lieu of cash for the rent to accrue during the first year thereafter.

3. REPEAL OF STATUTE. *Held,* also, that the right of exemption accrued when the holder of the stock became its owner, and, therefore, was not affected by the subsequent repeal of chapter 40, Laws of 1848, and chapter 333, Laws of 1853, by the Stock Corporation Law of 1890 (Chap. 564), but was protected by the saving clause (§ 71) of that law.

*Close* v. *Noye* (4 Misc. Rep. 616), reversed.

(Argued October 14, 1895; decided October 22, 1895; motion for reargument submitted November 25, 1895; denied December 3, 1895.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made July 14, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. N. McNaughtan* and *F. M. Inglehart* for appellant. The undisputed facts fail to show a cause of action against the defendant, hence the complaint should have been dismissed. (Laws of 1853, chap. 333; *Brown* v. *Smith,* 13 Hun, 408; 80 N. Y. 650; *Knowles* v. *Duffy,* 40 Hun, 485; *Whitehall* v. *Jacobs,* 75 Wis. 479; *Douglass* v. *Ireland,* 73 N. Y. 100; *Boynton* v. *Hatch,* 47 N. Y. 231; *Schenck* v. *Andrews,* 57 N. Y. 133.) The court reached the conclusion that by chapter 564 of the Laws of 1890 the exemption of 1853 was repealed, and this repeal took effect May 1, 1891, and this is true. But, although repealed in terms, this repeal, by the saving clauses (§§ 71, 72), could not affect any rights which had already accrued to the defendant. (Laws of 1890, chap. 564, p. 1079, §§ 70, 72, 73; Schedule of Laws Repealed, pp. 1080, 1081; *People* v. *O'Brien,* 111 N. Y. 53; 3 Abb. Ct. App. Dec. 554; *Bailey* v. *Hollister,* 26 N. Y. 116; *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 477; *In re Miller,* 110 N. Y. 216; *R. T. Co.* v. *Mayor, etc.,* 128 N. Y. 510.) Had there been no saving clause, and had the statute been retroactive, the proposition contended for on this appeal is that the law as to stockholders' liability could be changed, and was changed, by chapter 688 of the Laws of 1892, which took effect May 18, 1892, and amended section 57 of chapter 564

of the Laws of 1890, which took effect May 1, 1891, and was, in substance, the same as the Laws of 1848, with respect to the liability of stockholders. (Laws of 1890, chap. 564, § 57; Laws of 1892, chap. 688, § 54; *Howard* v. *Moot*, 64 N. Y. 262; *Morse* v. *Goold*, 11 N. Y. 281; *Booth* v. *Campbell*, 37 Md. 522; *Ochiltree* v. *R. Co.*, 21 Wall. 249.)

*Simon Fleischmann* for respondent. The defendant's stock was never exempt from liability for corporate debts, because it was issued to him in payment of a debt due him, and not for the purchase of mines, manufactories or other property. (Laws of 1853, chap. 333, § 2; *Veeder* v. *Mudgett*, 95 N. Y. 295; *Lewis* v. *Ryder*, 13 Abb. Pr. 1; 3 R. S. [8th ed.] 1961; Laws of 1890, chap. 564, § 42.) Whether or not the stock in suit was issued to the defendant for property purchased by the company is entirely immaterial upon the question of his liability for the debt in suit, as the act of 1853 relieving the holders of stock issued for property from liability for corporate debts, was repealed on May 1, 1891, and the indebtedness upon which the defendant is held in this action was not incurred until January, 1892, nearly a year thereafter. (Laws of 1890, chap. 564, §§ 42, 57, 70, 71, 72, 73; 3 R. S. [8th ed.] 1958, § 19; *In re Lee Bank*, 21 N. Y. 9; *Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581; 3 R. S. 1957, § 10; 3 R. S. 1958, § 19; *Sherman* v. *Smith*, 1 Black, 587; *Mayor* v. *R. Co.*, 113 N. Y. 311; *Union Co.* v. *Hersee*, 79 N. Y. 454; *Bailey* v. *Hollister*, 26 N. Y. 112; *McLaren* v. *Pennington*, 1 Paige, 102; *Hyatt* v. *McMahon*, 25 Barb. 457; *E. Bank Case*, 8 Abb. Pr. 199; 18 N. Y. 199; *P. Co.* v. *Griffin*, 24 N. Y. 150; *In re Reciprocity Bank*, 22 N. Y. 9; *State* v. *B. & S. Co.*, 46 Alb. L. J. 504.) The amendments of the Corporation Law in 1892, modifying the liability of stockholders, cannot affect the defendant's liability in this suit, as the new law did not go into effect until after the indebtedness in suit was incurred, and a construction relieving stockholders from liability on an existing contract obligation would be in violation of the Constitution of the United States and of the Statutory Construc-

tion Law of this state. (Laws of 1892, chap. 688, § 54; Laws of 1890, chap. 564, § 57; Laws of 1892, chap. 687, § 36; *J. Co.* v. *Walker,* 76 N. Y. 521; *Corning* v. *McCullough,* 1 N. Y. 47; *Story* v. *Furman,* 25 N. Y. 214, 223; *Conant* v. *Van Schaick,* 24 Barb. 87; *Wiles* v. *Suydam,* 64 N. Y. 173; *Cochrane* v. *Weichers,* 119 N. Y. 399; *Rogers* v. *Decker,* 131 N. Y. 490; *King* v. *Duncan,* 38 Hun, 461, 464; *Pfohl* v. *Simpson,* 50 How. Pr. 341; *Hawthorne* v. *Calef,* 2 Wall. [U. S.] 10; *Conklin* v. *Furman,* 57 Barb. 484; *Brown* v. *Hitchcock,* 36 Ohio St. 667; Const. U. S. art. 1, § 10; *Town* v. *Becker,* 123 N. Y. 161; *Ochiltree* v. *R. R. Co.,* 21 Wall. 249; *People* v. *O'Brien,* 111 N. Y. 1, 49, 50, 51; *Mayor* v. *R. R. Co.,* 113 N. Y. 311, 317; 2 Morawetz on Priv. Corp. [2d ed.] §§ 1101, 1102; *State Bank* v. *Andrews,* 18 N. Y. Supp. 167; *Close* v. *Potter,* 2 Misc. Rep. 1; *People ex rel.* v. *Common Council,* 140 N. Y. 300; *Foley* v. *Arcanum,* 78 Hun, 222; Laws of 1892, chap. 667, §§ 31, 36.) The defendant's stock, even if issued for property purchased, was never exempt from liability for corporate debts, because the capital stock of the American Bit Brace Company was never paid up in full and no certificate of such payment was ever filed. (3 R. S. [8th ed.] 1958, § 14; 3 R. S. [8th ed.] 1957, §§ 10, 11; 3 R. S. [8th ed.] 1961, § 2; *Boynton* v. *Andrews,* 63 N. Y. 93; *Boynton* v. *Hatch,* 47 N. Y. 225, 228; *Douglass* v. *Ireland,* 73 N. Y. 100, 103; *Schenck* v. *Andrews,* 57 N. Y. 133, 141; *White Co.* v. *Jones,* 86 Hun, 57, 61.)

HAIGHT, J. The American Bit Brace Company was a corporation organized under the Manufacturing Act of 1848 and the amendments thereto, and commenced business on or about January 1, 1888. Its capital stock was $50,000, divided into 500 shares of $100 each. $47,500 of the stock was paid in cash. The remaining $2,500 of the stock was not paid in, and no certificate has ever been filed showing full payment of the capital stock. In 1892 the corporation became indebted to the plaintiff upon promissory notes in the sum of $10,000,

upon which a judgment was entered in the Superior Court of Buffalo and an execution issued thereon against the property of the corporation, which has been returned unsatisfied. The defendant was the owner of sixteen shares of the capital stock of the corporation which was issued to him at various times between the first day of March, 1888, and the 8th day of March, 1889. This action was brought to recover of the defendant the indebtedness of the corporation to the amount of the stock held by him.

The Laws of 1848, chapter 40, section 10, provide that, " All the stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of stock held by them respectively for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded," etc. This act was amended by the Laws of 1853, chapter 333, by providing that, " The trustees of such company may purchase mines, manufactories and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor ; and the stock so issued shall be declared and taken to be full stock and not liable to any further calls ; neither shall the holders thereof be liable for any further payments under the pro-visions of the tenth section of the said act." Under this amendment it has been held that a person, to whom stock has been issued for a manufactory, or other property purchased by a corporation, is not liable to the creditors of the company because of a failure on the part of the president and trustees to file the certificate required by section 10 above referred to ; that as to such stock the holders thereof are exempt from the provisions of the act. (*Brown* v. *Smith*, 13 Hun, 408 ; affirmed in this court upon the opinion of the General Term, 80 N. Y. 650. See, also, *Rowell* v. *Lambert*, 66 Hun, 4.)

The defendant claims exemption from liability under the act of 1853. The question is thus presented as to

whether the stock issued to him was in payment for a manufactory or other property necessary for the business of the corporation. He requested the trial court to find that it was, but this was declined, and an exception was taken. The evidence bearing upon the question is brief and is without substantial controversy. The defendant had leased to one White the premises in question for the annual rental of $1,500. The corporation required these premises for its manufactory. Arrangements were thereupon entered into by which White assigned the defendant's lease to the corporation, with his consent, he agreeing to accept, during the first year, the capital stock of the company for rent in lieu of cash. This arrangement was carried out and the defendant in this manner became the owner of the sixteen shares of stock referred to. The leasehold premises were necessary for the business of the corporation. It was a manufactory, and, we think, "property," within the meaning of the statute. A lease of lands is a chattel real. (1 R. S. 722, § 5; *Putnam* v. *Westcott*, 19 John. 72; *Bigelow* v. *Finch*, 17 Barb. 394.)

The trial court appears to have been of the opinion that, even if the stock was issued to the defendant for property purchased by the company necessary for its use, and that he was exempt from liability for the debts of the company under the existing statutes, that he is now made liable under the Stock Corporation Law of 1890, chapter 564. In this view we differ from the learned trial judge. In the law of 1890 the exemption clause of 1853 is omitted, and that act, together with that of 1848, is repealed. But there was a saving clause incorporated in the act. It is as follows: " (Sec. 71.) The repeal of a law, or any part of it, specified in the annexed schedule, shall not affect or impair any act done or right accruing, accrued or acquired, * * * under or by virtue of any law so repealed, but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent, as if such law had not been repealed." Section 24 of chapter 563 of the Laws of 1890, known as the General Corporation Law, has recently received the attention of this court in the case of

*Cameron* v. *The New York and Mount Vernon Water Co.* (133 N.Y. 336). It was then held that proceedings that had been theretofore taken to consolidate several companies under chapter 960 of the Laws of 1867, as amended, etc., were not affected by the repeal of the acts under which the proceedings were instituted; that the agreement to consolidate represented a right accruing, or in process of enforcement, and was protected by the saving clause, which is identical in language with that provided for in section 71 of the Stock Corporation Law. This case sustains the appellant's contention. He became the owner of the stock under circumstances which then relieved him from personal liability for the debts of the company. He was exempt from the provisions of section ten of the act of 1848. This was a right which he had acquired and which had accrued, and he consequently is saved from the operation of the Stock Corporation Law of 1890.

In 1892 the Stock Corporation Law was further amended, but under the view taken by us with reference to the saving clause in the act of 1890, it becomes unnecessary to consider the effect of the last amendment.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.