THE VILLAGE OF CHAMPLAIN, Appellant, v. MATILDA McCREA et al., Respondents.

1. APPEAL — FINAL ORDER AND JUDGMENT. An order and judgment entered on a decision of the Appellate Division which not only reversed an order and judgment of the Special Term condemning water rights of the defendant in favor of the plaintiff, but dismissed the proceeding, are final within the meaning of the Constitution and section 190 of the Code of Civil Procedure, and appealable to the Court of Appeals.

2. EMINENT DOMAIN — CONDEMNATION OF WATER RIGHTS — PETITION. A petition, in a proceeding instituted by a board of water commissioners of a village under the Condemnation Law (Code of Civ. Pro. §§ 3357–3384) to condemn water rights, specifically describes the property sought to be taken with reasonable certainty, as required by subdivision 2 of section 3360, where it defines it as water to be diverted from a certain river, at a specified point, in sufficient quantity to furnish a stated minimum supply per day for domestic purposes, and a stated maximum supply per day for fire and emergency purposes, and when the description is amplified by reference to other portions of the petition.

3. CONDEMNATION OF WATER RIGHTS — FILING MAP AND PLAN. The inauguration of a water system duly instituted under chapter 181 of the Laws of 1875, is entitled to be carried to a final conclusion under that statute, notwithstanding the subsequent enactment of the Village Law and the repeal by it of the law of 1875, since, under section 31 of the Statutory Construction Act (L. 1892, ch. 677), the repeal of a statute does not prevent the prosecution of a proceeding pending under it, and in a proceeding to condemn water rights required for such system it is sufficient that a map and plan of the property sought to be taken was filed in the office of the county clerk as required by the law of 1875, instead of with both the village clerk and county clerk as provided by section 223 of the Village Law (L. 1897, ch. 414), although such map and plan were filed on the day after the latter act by which the former statute was repealed went into effect.

4. WATER RIGHTS — MAP AND PLAN — PETITION. An allegation in a petition that the proceeding is instituted to condemn water and water rights as provided by the Village Law (§ 223) should not be treated as an averment that the water company represented by the plaintiff village was organized under such law and subject to the provisions of such section with respect to filing a map and plans, when, read as a whole, the petition discloses a water company organized under the law of 1875, pursuing the remedy provided by the Code and pointed out in section 223 of the Village Law to water companies formed thereunder.

5. APPEAL — REVERSAL UPON THE LAW. It will be presumed that the Appellate Division reversed a judgment of the Special Term upon the law

where its order does not state that the reversal was upon a question of fact, and in such case the Court of Appeals will consider whether the findings are supported by the evidence, and if the record so discloses they are conclusive upon it.

6. WATER COMMISSIONERS — BOND. That water commissioners acting under chapter 181 of the Laws of 1875 did not file a bond as required by section 9 of such act as amended (L. 1891, ch. 201; L. 1892, ch. 195), before any official act was done, does not impair their authority to take proceedings for the holding of an election of taxpayers and voters to determine the question of taxation for a village water supply, since until the tax is voted there is no certainty that a water system will be created, nor would it be possible to fix the penalty of the bond, which depends by statute upon the amount of taxes voted and the cost of the plant.

*Village of Champlain* v. *McCrea*, 33 App. Div. 259, reversed.

(Argued November 22, 1900; decided January 8, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 9, 1898, upon an order reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in proceedings instituted for the condemnation of certain water rights, and dismissing such proceedings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. H. Dunn* for appellant. The village was at all times moving under the act of 1875 in inaugurating its water system. The act of 1875 was not repealed until several months after operations were commenced, and by that act alone the steps taken must be measured. The Statutory Construction Law gave the village the right to complete what it had started to do under the law in force at the commencement of the proceedings, regardless of its subsequent repeal. (*People* v. *A. Ry. Co.*, 160 N. Y. 246 ; *Cameron* v. *N. Y. & M. V. W. Co.*, 133 N. Y. 336 ; *People ex rel.* v. *Gilroy*, 67 Hun, 323 ; *Close* v. *Noye*, 147 N. Y. 597 ; *Berwind-White M. Co.* v. *Ewart*, 11 Misc. Rep. 492 ; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570.)

34

*J. P. Kellas* for respondents. The order sought to be reviewed is not appealable to this court. (*Van Arsdale* v. *King*, 155 N. Y. 325; *Matter of Attorney-General*, 155 N. Y. 441; *Stoerzer* v. *Nolan*, 155 N. Y. 667; *N. Y. S. & T. Co.* v. *S. G. & El. L. Co.*, 156 N. Y. 645; *City of Johnstown* v. *Wade*, 157 N. Y. 50; *Matter of Thomson*, 86 Hun, 405; *Matter of City of Buffalo*, 64 N. Y. 547.) The petition was fatally defective and the defendant's objections thereto should have been sustained and his motion to discuss the same granted, because it failed to specifically describe the property sought to be taken. (Code Civ. Pro. § 3260; *City of Syracuse* v. *Stacey*, 86 Hun, 441; *Matter of Water Comrs. of Amsterdam*, 96 N. Y. 360; *Matter of N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 191; *Hayden* v. *State*, 132 N. Y. 533; *People ex rel.* v. *Bd. of Trustees of Vil. of Haverstraw*, 137 N. Y. 88; *Zink* v. *McManus*, 121 N. Y. 259; *Matter of M. W. W. Co.*, 38 N. Y. S. R. 95; *Matter of Thomson*, 86 Hun, 405; *Matter of N. F. & W. Ry. Co.*, 108 N. Y. 375.) The petition was fatally defective in not showing that a map and plans had been filed in the village clerk's office, as required by statute. (L. 1897, ch. 414, § 223; *Matter of R. E. Ry. Co.*, 123 N. Y. 351; *Matter of N. F. & W. Ry. Co.*, 108 N. Y. 375; *Matter of Thomson*, 86 Hun, 405; *Matter of City of Buffalo*, 78 N. Y. 362; *Matter of N. Y. & B. R. R. Co.*, 62 Barb. 85; *City of Syracuse* v. *Benedict*, 86 Hun, 343; *City of Syracuse* v. *Stacey*, 86 Hun, 441.) The water commissioners, not having executed and filed the bond required by statute, were not authorized to take any proceedings. (*G. T. & S. D. Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1.)

BARTLETT, J. This is a condemnation proceeding instituted under chapter 23, title 1, sections 3357 to 3384, Code of Civil Procedure, known as the Condemnation Law, wherein the village of Champlain sought to condemn the interest of the defendant Matilda McCrea as a lower riparian owner in water to be diverted by it from the Great Chazy river (which

flows through the village in an easterly direction) for the purpose of feeding the mains of a municipal water system to supply the village and its inhabitants with pure and wholesome water. The corporation defendant is interested as a mortgagee.

On the 24th of March, 1897, the plaintiff began proceedings under chapter 181 of the Laws of 1875, to inaugurate a water system as therein provided, and on the 2d day of July, 1897, reached a point therein where it filed a map and order of the lands and water rights intended to be taken in the county clerk's office of Clinton county, as provided by section 5 of the act, which reads as follows : " Before entering, taking or using any land for the purpose of this act, the said water commissioners shall cause a survey and map to be made of the lands intended to be taken or entered upon for any of said purposes, by and on which the land of each owner or occupant shall be designated, which map shall be signed by the president of said water commissioners and their secretary, and be filed in the office of the county clerk of the county in which the said lands are situated ; said water commissioners, by any of their officers, agents or servants, may enter upon any lands for the purpose of making such survey or map."

The defendant Matilda McCrea owned a mill site on the river about a mile below the point where the village proposed to divert water from the stream. The board of water commissioners were unable to agree with Mrs. McCrea upon the amount of damages she might suffer in the premises, and thereupon they instituted this proceeding in November, 1897, in the name of the village of Champlain, to acquire by condemnation, the water and water rights necessary for the system of water works contemplated.

Issue was joined and a trial duly had before the Special Term, and findings of fact and conclusions of law were filed.

Among other findings of fact the court found that about March 25th, 1897, the trustees of the village of Champlain were organized into a board of water commissioners under chapter 181 of the Laws of 1875 ; that the president and board of trustees duly called and published and gave notice

of a meeting of the taxpayers and voters to vote upon the question of taxation for expenses in providing the village with water; that the president and trustees of the village unanimously resolved that $20,000 was needed for such purpose, and notice thereof was duly posted; that a special meeting of taxpayers and voters was held, and a majority vote resulted in favor of the water tax; that the water in Great Chazy river is suitable for domestic purposes, and the manner of taking the same, and the quantity to be taken, is reasonable and reasonably certain; that the interest therein of the defendant Matilda McCrea is necessary for said village; that a reasonable effort was made to agree with her upon the price for said interest, but at no time has she shown a disposition to agree, and it has always been impossible to reach an agreement; that the verified petition shows her interest to be of six cents value and the verified answer alleges that her interest is worth two thousand dollars; that the plaintiff duly made and filed a proper map and order as required with both the county clerk of Clinton county and with the clerk of the village; that the plaintiff has acquired a right to take water from said river by purchase from all except the defendant, who has some interest therein necessary to plaintiff.

These findings were followed by the conclusions of law "that the plaintiff, through its board of water commissioners, is entitled to the judgment of this court that the public use requires the interest of said defendant in the waters described in said petition, and the plaintiff is entitled to the condemnation thereof for such purpose; and is also entitled to take and hold such property interests for the uses specified upon making compensation therefor; that the commissioners of appraisal should be appointed to ascertain the compensation to be made to the owner thereof, and judgment is so directed."

Judgment was entered January 11th, 1898, in conformity to this decision, and on February 12th, 1898, upon a noticed motion, the Special Term appointed three commissioners to ascertain and report the compensation to be paid to the defendant.

The defendant Matilda McCrea thereupon appealed on the 8th of March, 1898, to the Appellate Division from the judgment so entered, and, before the commissioners appointed to ascertain and report the compensation to be paid her had reported, the Appellate Division not only reversed the judgment entered upon the Special Term decision, but dismissed this proceeding.

The respondent's counsel interposes the preliminary objection that the judgment entered on the decision of the Appellate Division is not final in this special proceeding and that the appeal does not lie. He cites in support of this view a number of cases and among them *City of Johnstown* v. *Wade* (157 N. Y. 50). This case held that an order of the Appellate Division reversing an order of the Special Term, vacating a final order and judgment in condemnation proceedings, is not a final order in a special proceeding within the meaning of the Constitution and section 190 of the Code of Civil Procedure, and, therefore, is not appealable as of right to this court.

In the case at bar we have not only a reversal of the order and judgment, but the additional point that the Appellate Division dismissed the proceeding. It follows that the order and judgment entered on this decision are final so far as the village of Champlain is concerned, and we are required to entertain this appeal.

The respondent's counsel urges that the petition is fatally defective for the reason it failed to specifically describe the property sought to be taken. The seventh subdivision of the petition reads as follows: " That the property so to be condemned is the water so to be diverted, in which defendants have or claim such interest and title as aforesaid, and is described particularly as follows, viz. : All that portion of the waters flowing easterly in the Great Chazy River at a point contiguous to the power station of plaintiff erected upon the lands so conveyed to it   *   *   *   which can be forced into a water main or pipe with an interior diameter of eight inches by a five-cylinder pump with a minimum pressure of sixty

pounds per square inch for domestic and ordinary purposes, and a maximum pressure of one hundred and thirty pounds per square inch for fire and emergency purposes in the use of such water, being a minimum of one hundred thousand gallons per twenty-four hours for domestic purposes and a maximum of one million gallons for twenty-four hours for fire and emergency purposes."

The Code of Civil Procedure (§ 3360, subd. 2) provides that the petition shall set forth a specific description of the property to be condemned and its location by metes and bounds with reasonable certainty.

The language of the petition already quoted and the other portions of the petition, to which it distinctly refers, constitute a specific description of the water rights to be condemned and the amount of water to be taken, with reasonable certainty.

The respondent raises the further objection that the petition is defective in not showing that a map and plan have been filed in the village clerk's office as required by statute. (Chap. 414, Laws of 1897, § 223.)

This brings up the point that was deemed controlling by the court below. The village of Champlain, by its duly constituted authorities, in the month of March, 1897, instituted proceedings under the act of 1875 to inaugurate a water system. A board of water commissioners had been constituted; the village authorities had duly acted in the premises; a special election had been held, and on the second of July, 1897, the water commissioners filed in the office of the county clerk a survey and map, previously prepared, of the lands and water intended to be taken, diverted or affected, under section 5 of the act of 1875.

The respondent insists that as the Village Law (Chap. 414, Laws of 1897) took effect July 1st, 1897, it was not competent for the appellant to file on the 2d day of July, 1897, the map and order under the law of 1875, as the Village Law covered the same subject and in express terms repealed chapter 181, Laws of 1875. It is further argued that in order to

render these condemnation proceedings regular, the water commissioners should have filed a map and plans with the village clerk and a certified copy of the map in the county clerk's office in pursuance of section 223 of the Village Law of 1897.

This objection, which was sustained by the Appellate Division, rests upon a misapprehension of the legal situation. The inauguration of a water system for the village of Champlain having been duly instituted under the act of 1875, is entitled to be carried to a final conclusion under that statute, notwithstanding the enactment of the Village Law and the repeal by it of the law of 1875.

The Statutory Construction Act (Chap. 677 of the Laws of 1892) provides (§ 31) as follows: " The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected; and all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed." (*People ex rel. City of Buffalo* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570.)

This principle of construction has been frequently applied, not only under the Statutory Construction Act, but prior thereto in repealing acts containing saving clauses. (*Cameron* v. *N. Y. & Mount Vernon Water Co.*, 133 N. Y. 336; *Close* v. *Noye*, 147 N. Y. 597.)

The map and order filed on the second of July, 1897, under the act of 1875, was required to be filed in the office of the county clerk only by the provisions of section 5, and, consequently, is not open to the criticism that it should have been filed in the office of the village clerk. The map is in conformity to the act of 1875.

It thus appears that the scheme to inaugurate the water company was completed on the 2d day of July, 1897. It was not until the following November, as already pointed out, that the company so organized found it necessary to resort to condemnation proceedings in order to secure its necessary property rights.

The allegation of the petition herein, referred to by the Appellate Division, to the effect that this proceeding is instituted to condemn water and water rights as provided by section 223 of the Village Law of 1897, Ch. 414, is not to be treated as an averment that the water company represented by the plaintiff was organized under the Village Law and liable to file a map and plans as provided in section 223, as seems to have been assumed by the court below. The situation just prior to the institution of this proceeding in November, 1897, was as follows : The water company, being fully organized under the law of 1875, was engaged in acquiring water rights and had succeeded in coming to an agreement with all the property owners save the defendant Matilda McCrea, and the question then presented was whether condemnation proceedings should be instituted under the law of 1875, § 6 *et seq.*, or under the Code of Civil Procedure, Ch. 23, Title 1, known as the Condemnation Law. As both the law of 1875 and the Code of Civil Procedure dealt with the condemnation of property, as a matter of remedy, it was proper to institute this proceeding under the Code as the later statute. While the allegation of the petition, to which reference has been made by the Appellate Division doubtless lacks clearness of expression, yet the petition when read as a whole discloses a water company organized under the law of 1875, following the same course as to remedy when condemning property as is pointed out by section 223 of the Village Law to water companies formed thereunder.

The due organization of the water company under the act of 1875 having been found by the trial court, and as the order of the Appellate Division does not state that the reversal was upon a question of fact, it must be presumed that the judg-

ment was not reversed upon the facts but the law. (*National Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505.) We are, therefore, called upon to consider if the findings of fact are without evidence to support them.

An examination of the record discloses that the findings are supported by evidence and, therefore, conclusive on this court.

This view of the legal situation, as controlled by the form of the order as entered, disposes of respondent's contention that the special election of the taxpayers and voters was not lawfully conducted.

The respondent argues that the water commissioners, even if considered as acting under the act of 1875, were not authorized to take any proceedings for the holding of the election of taxpayers and voters, not having executed and filed the bond required by section 9 of the act of 1875, as amended by chapter 201 of the Laws of 1891 and chapter 195 of the Laws of 1892.

The material part of the section, as amended, reads as follows: "No bonds, certificates or other obligations of indebtedness shall be issued, nor shall any official act be done by any board of commissioners authorized by this act, until such commissioners, or a majority of them, shall have filed with the clerk of the county within which such village or some portion thereof shall be situated, their joint and several bond in the sum of thirty thousand dollars, if the system of water works to be erected or in operation, will or has cost more than thirty thousand dollars, or in the sum of ten thousand dollars, if the system of water works will or has cost less than thirty thousand dollars," etc.

The obvious answer to this point is, that until the meeting of voters and taxpayers has been held and the tax voted there was no certainty that a water system was to be created, nor would it be possible to fix the penalty of the bond, which depends upon the amount of taxes voted and the cost of the plant.

A bond of ten thousand dollars under this section was duly executed on the 29th of April, 1897, and approved by

the county judge and filed on the 5th day of May following, the special election having been held April 17th, 1897.

We have examined the other points raised by the respondent, but deem it unnecessary to discuss them.

The judgment of the Special Term was improperly reversed and this proceeding ought not to have been dismissed. The proceeding should be reinstated, the Special Term resume jurisdiction thereof and the commissioners appointed herein to ascertain and report the compensation to be paid to the defendant Matilda McCrea must proceed with the discharge of their duties in the premises.

The judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs to the appellant in this court and in the Appellate Division.

O'BRIEN, HAIGHT, MARTIN, and VANN, JJ., concur; PARKER, Ch. J., not voting; LANDON, J., not sitting.

Judgment accordingly.