Order affirmed, with $10 costs and disbursements. All concur.

In re ROE et al.

(Supreme Court, Special Term, Orange County. June 30, 1908.)

1. EMINENT DOMAIN—PROCEDURE—PARTIES.
    General Village Law, Laws 1897, p. 434, c. 414, § 223, providing that the board of water commissioners may acquire "in the name of the village" by purchase, if it can agree with the owners, or otherwise by condemnation, any land necessary for a waterworks system, requires that condemnation proceedings shall be brought in the name of the village.

2. SAME—PETITION—DESCRIPTION OF PROPERTY—SUFFICIENCY.
    A petition either to condemn the fee or a right to overflow lands for a waterworks system which failed to describe the land by metes and bounds did not comply with Code Civ. Proc. § 3360, subd. 2, requiring a petition to contain a specific description of property to be condemned and its location by metes and bounds.

Application by George N. Roe and others, water commissioners of the village of Chester, to acquire title to real estate of which Samson W. George, as trustee, and others, were owners. Proceedings dismissed without prejudice to a renewal thereof.

Kane & Stage, for petitioner.
Watts & Cox, for defendants.

TOMPKINS, J. This is the return of a notice of motion on a petition for the appointment of commissioners to inquire and appraise the compensation to be made to the owners of lands to be taken for village water supply purposes. Preliminary objections are made: First. That the proceedings should be by and in the name of the vil-

lage. Second. That the petition does not contain "a specific description of the property to be condemned and its location by metes and bounds, with reasonable certainty," as required by subdivision 2 of section 3360 of the Code of Civil Procedure. I think both objections are well taken.

1. Section 223 of the general village law (Laws 1897, p. 434, c. 414), provides that:

"That board of water commissioners may acquire in the name of the village, by purchase, if it can agree with the owners, or otherwise by condemnation, any land, streams, water or water rights necessary for such system."

The case of the board of water commissioners of the village of White Plains is not an authority in support of the petition in this case, for the reason that that proceeding was commenced under a special statute (chapter 769, p. 1013, Laws 1896), which provided:

"The board of water commissioners is hereby directed and empowered to acquire by purchase, or by proceedings for the condemnation of the real property, and lands," etc.

I think that the words, "in the name of the village," in the general act, requires that the proceedings shall be brought in the name of the village.

2. The description of the land or rights to be acquired is very meager. It is doubtful from the petition whether the fee is sought to be taken, or only a right to overflow the land. Besides, the land to be taken or affected is not described by metes and bounds, as required by the Code. The only description in the petition of that to be taken is as follows:

"That portion of said real estate covered by the waters of said Walton Lake as it is now covered, or can be covered, by the flowing back of the water by the dam erected by said village, as it now exists, and the right which it is sought to be condemned and acquired in this proceeding, is the right to flow back the water upon said premises as it is now flowed back, or can be flowed back by the present dam upon and over said real estate, and the right to draw down the water from said premises to a point that it can be drawn down by the pipe of said village as now inserted and maintained in said lake."

Inasmuch as the evident purpose of the petition is either to take the fee or a right to overflow certain lands, it is necessary that the petition should describe the land by metes and bounds. If it is a mere easement over certain lands which is sought to be taken, then the land over which the easement is to be had should be described by metes and bounds, especially in this case, where it is so easy to do so. Certain easements may not be susceptible of a description by metes and bounds; as, for instance, the right to erect and maintain telephone, telegraph, or electric poles, crossings, and wires, but in this case it is entirely practicable to describe the lands to be taken, or covered with water by metes and bounds.

For these reasons, the petition must be dismissed. I would permit it to be amended if the right party had made it.

Proceeding dismissed without prejudice to a renewal thereof by and in the name of the village.