GRADE CROSSING COM'RS OF CITY OF BUFFALO v. DE GROAT et al.

(Supreme Court, Appellate Division, Fourth Department. December 29, 1911.)

1. EMINENT DOMAIN (§ 237*)—PROCEEDINGS—REPORT OF COMMISSIONERS OF APPRAISAL—CONFIRMATION—OBJECTIONS.

    Purely technical objections and nonprejudicial omissions in condemna- tion proceedings are not ground for refusing to confirm the report of the commissioners of appraisal, and objections to the confirmation of the report on the ground that the award was inadequate because taxes as- sessed against the property and deducted from the award were not shown to be a lien against the property; because one of the grade crossing commissioners was not a freeholder as required by law; and because another commissioner was defendant in the proceeding when appointed,

were of such a character, and not ground for refusing confirmation of the commissioners' report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 237*)—REPORT OF COMMISSIONERS—CONFIRMATION—GROUNDS FOR REFUSAL—FAILURE TO TAKE OATH.

Grade crossing commissioners took the oath prescribed by the Constitution that they would discharge the duties of the office in the particular proceeding to the best of their ability, but the grade crossing act (Laws 1888, c. 345, § 12, as amended by Laws 1890, c. 255, § 9), further required the commissioners to take an oath to ascertain and report the just compensation to be paid to the owners of and parties interested in the lands for taking and injuring them. Code Civ. Proc. § 3368, provides that the provisions of title 1, chapter 8, of the Code, should also apply to condemnation proceedings, and section 721, contained in such title and chapter, provides that where the verdict, report, etc., has been rendered, the judgment shall not be affected by any omission by a referee to be sworn, or for any other default or negligence of the clerk, or other officer, or party, by which the adverse party has not been prejudiced. Held, that the failure of the grade crossing commissioners to take the oath prescribed by the grade crossing act was not a jurisdictional defect so as to be ground for refusing to confirm the report of the commissioners of appraisal.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 237.*]

Robson, J., dissenting.

Appeal from Special Term, Erie County.

Proceedings by the Grade Crossing Commissioners of the City of Buffalo against Clinton K. De Groat and others. From an order denying confirmation of the report of commissioners of appraisal and setting aside their award, the grade crossing commissioners and another appeal. Reversed, and motion to confirm granted.

The proceeding was commenced in July, 1909, by the service of a duly verified petition and notice of motion upon all parties interested, asking that commissioners of appraisal be appointed to ascertain and report the damage done to the property of the respondents and to the property of other owners affected by carrying out the plan adopted by the grade crossing commissioners for the abolition of the crossing at grade of Broadway in the city of Buffalo and the tracks of the New York Central & Hudson River Railroad Company, which plan involved the construction of a subway in which Broadway was to be carried under the tracks of such railroad. During the year 1907–1908, the work was completed in accordance with the plan adopted, and the grade of Broadway, upon which respondents' premises abutted, as did the premises of other owners who were made parties to this proceeding, was lowered and changed, and concededly such premises were thereby damaged. Thereafter, and in July, 1909, this proceeding was instituted. The plan for the elimination of the crossing in question was adopted, and the application for the appointment of commissioners of appraisal was made in accordance with the provisions of the grade crossing act, so called, being chapter 345 of the Laws of 1888, as amended, and no question is raised upon this appeal as to the regularity of such proceedings. Each of the commissioners of appraisal viewed the premises in the manner hereinafter mentioned, took an oath of office, to which attention will be called, heard all the evidence offered by the respective parties and their report by which they awarded damages in various amounts to the respondents and to the other property owners. Upon the coming in of such report the grade crossing commissioners duly made a motion at a Special Term of the Supreme Court for its confirmation, in which motion the other appellant, the New York Central & Hudson River Railroad Company, acquiesced. Objection was made by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

certain of the landowners abutting upon Broadway, but all of them have acquiesced in the report by accepting their respective awards or otherwise, except the respondents upon this appeal.

The respondent, Clinton K. De Groat, who is the owner of parcel No. 1 described in the petition, objects to the confirmation of the report of the commissioners upon the ground, first, that the award is inadequate; second, because the taxes assessed against the property and directed to be deducted from the award were not proven to be a lien against such property; third, because the commissioners of appraisal did not take the oath of office required by the statute, namely, chapter 255 of the Laws of 1890; fourth, because John B. Squires, one of the commissioners, was not a freeholder as required by law; and, fifth, because at the time of the appointment of Commissioner Norton he was a party defendant to the proceeding, and therefore ineligible to be appointed. The objections to the confirmation of the report made by the respondents Wilhelm and Dettman, the owners of parcels 2 and 3, respectively, described in the petition, are practically the same as the objections made by the respondent De Groat, except that they do not object because of the form of oath taken by the commissioners, but they do object because, as alleged, the premises were not viewed by the commissioners as a whole, claiming that the view of such premises by any less than the whole number of commissioners was void, and made nugatory any report which they may have made in the premises. The learned court at Special Term overruled all the objections raised by the several respondents to the confirmation of such report except the objection made by the respondent De Groat that the commissioners of appraisal had not taken the oath prescribed by the grade crossing act, so called, and therefore that their award and determination in the premises was void.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ralph K. Robertson, for appellant Grade Crossing Commissioners.

Alfred L. Becker, for appellant New York Central & Hudson River Railroad Company.

Frank F. Williams, for respondent De Groat.

Henry W. Killeen, for respondents Wilhelm and Dettman.

McLENNAN, P. J. [1] It is elementary that a report of commissioners in condemnation proceedings must be confirmed, unless there is shown to have been misconduct or palpable mistake on the part of the commissioners which resulted in harm to a party interested in the proceeding. Purely technical objections, not going to the merits, and omissions in no way harmful to a party, do not authorize the Special Term to refuse confirmation of the commissioners' report. Matter of New York Central & Hudson River Railroad Company, 64 N. Y. 60. All of the objections made by the respondents to the confirmation of the report of the commissioners, except the objection that such commissioners had not taken a proper oath of office, were properly overruled by the learned justice at Special Term for the reasons stated in his opinion, which appears at page 86 of the record, and the reasons for overruling such objections need not be further amplified. None of such objections in any manner affected the merits of the controversy, and all were known, or upon the slightest investigation might have been known, to the respondents while the hearing was in progress, and no objection was made by either of them until the report was made. It would seem intolerable that a party to such a proceeding may sit by, take a part in the litigation upon the merits,

with full knowledge of the alleged irregularities, and wait until a report is made or decision rendered, and then, in case such report or decision is adverse to him, for the first time to insist that such irregularities render such report or decision of no binding force or effect.   It cannot be pretended that either of such irregularities in any manner affected the award which was made to the respondents.

[2] The learned court below, however, thought that the failure of the commissioners to take the oath of office prescribed by the grade crossing act was jurisdictional, and that because of such failure the report could not be confirmed.   The oath taken was the oath prescribed by the Constitution, and by it each commissioner did "solemnly swear that he will discharge the duties of the office of commissioner in the above-entitled proceeding to the best of his ability."   In the oath prescribed by the grade crossing act (Laws 1888, c. 345) there was added or inserted (by Laws 1890, c. 255, § 9), "and to ascertain and report the just compensation to be paid to the owners of and parties interested in the lands for taking the same or for the injury thereto."   So far as we can discover, there is really no substantial difference in the meaning of such oaths.   Each required the faithful discharge of their duties as such commissioners, and in the oath taken it was recited that they were appointed and were to act in pursuance of the provisions of the grade crossing act.   But, independent of which oath would have been the most appropriate to have been taken, the oath was taken publicly or at a regular meeting of the commission. At least, it was a part of the record, accessible to the inspection of any party interested, and we think it will not do for a party to sit by with full opportunity to examine such oath, wait until the evidence is closed and a report made, and then for the first time raise the objection that the oath taken by the commissioners was defective.   Section 3368 of the Code of Civil Procedure provides, "The provisions of title one of chapter eight of this act shall also apply to proceedings had under this title" (condemnation proceedings) ; and section 721 provides:

"In a court of record, where a verdict, report or decision has been rendered, the judgment shall not be stayed nor shall any judgment of a court of record be impaired or affected by reason of either of the following imperfections, omissions, defects, matters, or things, in the process, pleadings, or other proceedings:   *   *   *   (12) For an omission on the part of a referee to be sworn or for any other default or negligence of the clerk, or any other officer of the court, or of a party, his attorney or counsel, by which the adverse party has not been prejudiced."

It cannot be claimed in this proceeding that any injury resulted to the respondents because of the failure of the commissioners to take the oath prescribed by the grade crossing act; that, at most, such failure was an irregularity, was in no sense jurisdictional; and that for such failure confirmation of the report should not have been denied.   The commissioners in this case were among the first citizens in the city of Buffalo, were appointed practically with the consent of all the parties interested, at least no objection was made to either of them.   They heard all the evidence offered by any party bearing upon the question of injury to their respective properties.   They made a report which is acquiesced in by all the persons interested except the three property

owners who are respondents upon this appeal. The learned court at Special Term did not consider that the awards made by the commissioners to them respectively should be set aside because inadequate, and an examination of the evidence satisfies me that the court was right in that regard.

We conclude that none of the objections made to the confirmation of the report of the commissioners is tenable.

It follows that the order should be reversed and the motion to confirm the report granted, with costs.

Order reversed with costs, and motion to confirm report of commissioners granted. All concur except ROBSON, J., who dissents.