CITY OF PLATTSBURG, Respondent, *v.* GEORGE A. KELLOGG and Others, Appellants.

Third Department, June 22, 1938.

*Patrick J. Tierney,* for the appellants.

*Harry P. Kehoe, Corporation Counsel,* for the respondent.

HEFFERNAN, J. Defendants have appealed from an order of the Clinton County Court confirming the report of commissioners of appraisal in condemnation proceedings.

On May 10, 1937, the city of Plattsburg in accordance with the provisions of the Condemnation Law presented to the County Court of Clinton county its petition asking that it be adjudged that the public use required the condemnation of certain real property described therein and also for the appointment of commissioners of appraisal to ascertain the compensation to be made to the owners for the property so taken. Upon presentation of the petition the court granted judgment, adjudging that the condemnation of the real property described in the petition was necessary for the public use, appointed commissioners and granted plaintiff temporary possession of the premises.

The commission held certain hearings in which defendants did not participate.

On July 6, 1937, upon plaintiff's application, the court made an order correcting the description of the premises sought to be taken in the proceedings. At that time defendants objected to the appointment of two of the commissioners on the ground that they were not disinterested freeholders within the meaning of section 13 of the Condemnation Law. That objection was overruled.

On September 23, 1937, the commissioners made their report and awarded to defendants $9,000 as compensation for the land taken. On the application to confirm the report defendants objected thereto on the ground that the petition does not contain a specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty; that the award is contrary to the evidence; that two of the commissioners were not disinterested freeholders; and that the report is based on incompetent evidence. These objections were likewise overruled.

A petition in proper form, filed as required by the statute, is a jurisdictional prerequisite to the authority of the court to entertain a proceeding thereunder. The petition in condemnation proceedings must describe the property sought to be taken, defining the location and quantity required with such certainty that it may be identified and the extent of the petitioner's claim made known to the owner and a failure of the petition to thus describe the property or any uncertainty in this respect will vitiate the proceedings. It has been uniformly held that in proceedings of this character extreme accuracy is essential for the protection of the rights of all parties. There must be no uncertainty in the description of the property to be taken, nor in the degree of interest to be acquired. (*Matter of Water Commissioners of Amsterdam*, 96 N. Y. 351.) It is not enough in a proceeding to condemn an interest in land for public purposes to describe the interest sought to be acquired so vaguely as to leave it dependent upon the undisclosed opinion of the condemning party as to the quantum of the interest which it may be deemed necessary to take. (*Bell Telephone Company* v. *Parker*, 187 N. Y. 299.)

In *Matter of New York Central & Hudson River R. R. Co.* (70 N. Y. 191) it was held that a defective description cannot be remedied by a reference in the petition to a deed. There the Court of Appeals wrote: " The reference to the deed does not remedy the defect, for it is by no means certain what land it conveyed; and even if it should, on production, show, it is not a compliance with the statute, which requires that the description should be contained in the petition."

In the original petition, stripped of all non-essentials the premises are merely described as being located at or near the mouth of Saranac river in the city of Plattsburg, and as " Being the ' Upper Island and Lower Island ' so-called of 1871, the ' Upper Island ' containing one and twenty-eight one-hundredths acres of land more or less and the ' Lower Island ' containing seventy-two one-hundredths of an acre of land more or less. Also that lot or parcel of land sometimes called and designated as the ' Delaney Coal or Wood Yard ' lot which is adjacent to and adjoins Green Street, in the City of Plattsburg, and contains approximately two-tenths of an acre of land more or less." Following this description references are made to the deeds by which defendants or their predecessors in title acquired the land. The petition then refers to a map and in that connection there is inserted the following statement: " The three parcels of land described in this petition are shown on the annexed map by diamond crosshatched drawing."

In the amended petition an attempt is made to amplify the Delaney coal or wood yard. It is also alleged that the lands described in the petition are shown on a map made by Ralph L. Signor, Engineer, dated January 25, 1937, and attached to the petition. It is also alleged that it is intended " by this description to include all the right, title and interest of the defendants in and to the Artificial Peninsula at or near the mouth of the Saranac River, and lying easterly of the Delaware and Hudson Railroad Lines."

It will thus be seen that there is no attempt to describe the land by metes and bounds. It is impossible to tell just what is comprehended by the description contained in the original and amended petitions. The defendants claim to own, either by grant or adverse possession, all the land embraced within the peninsula consisting of five and three-tenths acres. An examination of the map is not illuminating. The scope of the petition was not enlarged by filing a map. (*Town of Nichols* v. *Park*, 209 App. Div. 319.) It is impossible to say whether the city is seeking to acquire two and two-tenths acres of land or all the lands included in the peninsula. The map known as Exhibit 3 which designates the " upper island of 1871 " containing one and twenty-eight one-hundredths acres and the " lower island of 1871 " containing seventy-two one-hundredths acres is the only evidence in the case which indicates in any way what property is intended to be taken. The maps in the case are insufficient in themselves to render certain the description. The law requires that property to be taken in condemnation proceedings should be described with that

degree of accuracy that it can be readily located by any one familiar with the locality. (*City of Winchester* v. *Ring*, 312 Ill. 544; 144 N. E. 333.) Neither the original nor the amended petition does this. In our opinion the description is fatally defective.

This court will not interfere with the finding of commissioners of appraisal on the question of damages in a proceeding of this character unless that finding is clearly and palpably against the weight of the evidence. While the evidence in this case is very unsatisfactory on the question of valuation we would not be inclined to vacate the award solely on that ground.

We are convinced that defendants' objections to the personnel of the commission are meritorious. One of the commissioners is the city judge of Plattsburg and also a member of the park and beach commission created by chapter 250 of the Laws of 1929. Another is a brother of a member of the same commission. This commission has the exclusive control, care and management of the public parks, beaches and pleasure grounds of the city. It appears that the city has applied to the Commissioners of the Land Office for a grant of land under water adjoining the lands sought to be acquired in this proceeding. A commissioner in a proceeding of this nature is to a certain extent a judicial officer. A commissioner in condemnation proceedings is disqualified when a judge or juror would be disqualified. (*County of Orange* v. *Storm King Stone Co.*, 229 N. Y. 460.) In the administration of justice it is not only requisite that a judge should be honest, unbiased, impartial and disinterested in fact, but equally essential that all doubt or suspicion to the contrary should be jealously guarded against and eliminated. Not only is it the duty of a judge to render a righteous judgment but it is of transcendent importance to the litigants and the public generally that there should not be the slightest suspicion as to his fairness and integrity. (*People ex rel. Union Bag & Paper Corp.* v. *Gilbert*, 143 Misc. 287.) The impartiality of the judgment seat must be above suspicion. (*Matter of Grandview Dairy, Inc.*, v. *Baldwin*, 239 App. Div. 640.)

We do not question the honesty, integrity or good faith of these commissioners. A judicial proceeding, however, must not be open to the slightest suspicion. Courts should scrupulously maintain unsullied their dignity and integrity. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, whether that interest is revealed by an inspection of the record or developed by evidence *aliunde* the record.

In view of defendants' criticism of a lack of impartiality upon the part of two members of the commission and on the ground of public policy and from a public point of view we feel that it is our duty, in the exercise of a sound judicial discretion, to annul the award on that ground.

The order appealed from should be reversed, with fifty dollars costs and disbursements to appellants, and the matter remitted to the County Court to the end that a proper petition may be filed and a new hearing directed before new commissioners.

HILL, P. J., and CRAPSER, J., concur; RHODES, J., dissents, with an opinion in which BLISS, J., concurs.

RHODES, J. (dissenting). It seems to me that the defendants have waived any objections to the form of the petition or to the qualification of commissioners.

When the petition was presented to the court on May 10, 1937, defendants were represented by counsel who appeared personally, served formal notice of appearance and interposed no objection to the petition or to the commissioners who were then appointed.

On June 11, 1937, the commissioners met. Counsel for defendants was not present, but it appears on the record in the minutes of the commissioners that he stated over the telephone that he was not going to pay any attention to the commission; that he was going to reopen the matter and have a new commission.

Thereafter and on June 15, 1937, the commission again met and defendants' counsel was not present; the matter was then adjourned for the purpose of issuing a formal notice of hearing. On the adjourned date, June 24, 1937, the commission met and it appeared that notice of hearing had been served upon counsel for defendants, but the hearing was then adjourned by the commission for the purpose of serving formal notice of the hearing upon the defendants.

Later and on July 6, 1937, on application of plaintiff, the petition was amended to clarify the description. Counsel for defendants was present and stated that he had no objection to the amended description but that he objected to the appointment of Robert S. Long and Roswell A. Sharron, two of the commissioners, in that they were not disinterestered freeholders as described by section 13 of the Condemnation Law.

On the same day counsel for defendants was present at a meeting of the commission and objected to proceedings of the commission and specifically objected to Robert S. Long sitting as commissioner. The objection was disregarded, he excepted and then took part in the further proceeding.

Under the established rule it would seem that it is now too late for defendants to raise the question as to the form of the petition or the qualification of the commissioner. (See *Matter of Cooper*, 93 N. Y. 507; *Russell* v. *Randall*, 123 id. 436; *Matter of Board of Supervisors*, 57 Misc. 665, opinion by VAN KIRK, J.; *Matter of Grade Crossing Commissioners*, 148 App. Div. 412; *County of Orange* v. *Ellsworth*, 98 id. 275.)

On the merits no practical inconvenience will result to the defendants from any so-called defect in the description of their property. The map referred to in the proceedings indicates the location of the property to be acquired and its extent.

Concerning the qualification of the commissioners, there appears to be no statute which expressly disqualified them and no actual bias is shown. The prevailing opinion concedes that there is no question as to the honesty, integrity or good faith of the commissioners. There being no express statutory disqualification and no actual bias, prejudice or interest in the litigation on the part of the commissioners challenged, there appears no valid objection as to their qualification.

It is argued that one of the commissioners in question is a member of the park commission and that the land to be acquired is to be used in connection with park improvement and development. He receives no salary as park commissioner, and I am unable to see why as a practical proposition, he is disqualified any more than a city judge would be in a case in which the city was a party.

For the reasons stated, I think the order and judgment appealed from should be affirmed.

BLISS, J., concurs.

Order reversed on the law and facts, with fifty dollars costs and disbursements to appellants, and the matter remitted to the County Court to the end that a proper petition may be filed and a new hearing directed before new commissioners.