## UNITED STATES v. CERTAIN LANDS LOCATED IN TOWNS OF HIGHLANDS, WOODBURY AND CORNWALL, ORANGE COUNTY, NEW YORK STATE et al.

### Civ. No. 37-502.

District Court, S. D. New York.

July 24, 1947.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., of the U. S., for petitioner-plaintiff.

Percy V. D. Gott, County Atty. of Orange County, of Goshen, N. Y., for defendants, Orange County and Town of Highlands.

BRIGHT, District Judge.

This proceeding is brought to condemn the fee simple title of all Town, County and State roads, trails or highways, with certain exceptions, included within the area of the United States Military Reservation at West Point. The several Towns, the County, and the people of the State of New York are made defendants. The

Town of Highlands and the County of Orange have served answers contesting the right to condemn.

Petitioner-plaintiff moves for summary judgment upon the pleadings. The two answering defendants oppose, alleging that the lands to be taken are not described in the petition with sufficient accuracy to enable them to know what is being taken.

In proceedings like this the practice and pleadings shall conform as near as may be to those existing at the time in like causes in courts of record of the State within which the proceeding is maintained. 40 U.S.C.A. § 258.

The Condemnation Law of New York, Sec. 4, Consol. Laws, c. 73, requires the petition to set forth, "A specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty."

The amended petition describes the lands to be condemned as follows:

"III. That the lands to be condemned * * * are located in the Towns of Highlands, Woodbury and Cornwall, County of Orange, State of New York, * * * and consist of and comprise all public or private roads, trails or highways located within the area of the West Point Military Reservation, as shown delineated on the map attached hereto * * *, and with the exception of that portion of said highways and roads shown on said map and colored in red. That the exterior and perimeter description of the West Point Military Reservation and within which are located the roads, trails, and highways sought to be condemned in fee simple is as follows:"

The follows a six-page, single-spaced description by metes and bounds of the Reservation. It is also alleged that all of the trails, roads and highways, with the exceptions noted, are in the possession of petitioner-plaintiff; and that all the lands lying adjacent to and abutting on said roads, highways and trails are now owned by petitioner.

The map attached shows the bounds of the Reservation, the various roads and trails therein, and in red those particular highways or portions thereof excepted. All of those excepted, other than one, are designated by identifying description. Thus are excepted portions of State Road Old 9W; a portion of new 9W in which is included part of the old Queensboro Road; State Road 293, one end of which is marked as being the old Storm King Highway, 293 running entirely through the reservation and bounding it on the southwest corner, also identified by the County's answer as State Highway No. 5328-b; the Mineral Springs (Angola) road, bounding it in part on the westerly side, and also being identified in said answer as the Central Valley-Cornwall County Road No. 9. The one road not otherwise designated is shown as branching off Route 293 near the lands of the Citizens Water Works Company property.

The answers filed by the Town and County show that they have no difficulty in identifying the roads which are not to be taken. These answers show also that one of the original contentions was that no necessity is shown for the acquisition of the Forest of Dean or Mine Lake Road, extending from Route 293, at a point north of Mine Lake, and running southeasterly to the hamlet of Fort Montgomery and State Highway 9-W, a distance of about 2¼ miles, alleging that this has been a public highway from time immemorial, regularly worked and maintained by the Town of Highlands, and regularly and frequently traveled by the public and the inhabitants of the Town and County. That the closing of this road will inconvenience those who so frequently use it, I have no doubt; and their opposition to it would seem to have some merit. But under recent decisions, I am not permitted to review the exercise of discretion vested in the governmental authorities who have determined that public use requires the taking described.

In Village of Champlain v. McCrea, 165 N.Y. 264, 270, 59 N.E. 83, a petition to condemn the water rights of a lower riparian owner, which were being taken by a village, and which were described as water to be taken from the river, at a specified point, in a sufficient quantity to furnish a stated per diem minimum and maximum was held to comply with the law requiring

a specific description with reasonable certainty.

In Stillwater & M. Street Ry. Co. v. Slade, 36 N.Y.App.Div. 587, 592, 55 N.Y.S. 966, the beginning point of the description was a station in the center line of an electric railway, which could not be ascertained without reference to a map on file in the County Clerk's office; and the court said it may be conceded that without knowledge of the center line the description was not "specific"; but as defendant was acquainted with the proposed line through his premises, the judgment against him was affirmed. The center line was ascertainable by inspection.

In City of Pettsburgh v. Kellogg, 254 App.Div. 455, 5 N.Y.S.2d 1015, it was held that the property to be taken must be described with such certainty that it may be identified and the extent of petitioner's claim made known to the owner; there must be no uncertainty in the description; it must be described with that degree of accuracy that it can be readily located by any one familiar with the locality. The reversal there was because the description was defective in that the land was not described by metes and bounds, there were references to deeds and maps, and it was impossible to say whether the City sought to acquire 2.2 acres or all the lands on a peninsula. Here the petitioner is the owner of the land within the enclosure, described by metes and bounds, except the roads which are within that enclosure and to be condemned.

In Application of City of Rochester, Sup., 190 N.Y.S. 54, Judge Rodenbeck stated that the description must be such as will enable the owners definitely to identify the property taken. The petition was held insufficient there because of the use in the description, without location by stake or monument, of the highwater mark of a lake, the high bank of a gully, "about" in describing distances, and references to deeds for further identification.

In City of Syracuse v. Stacey, 86 Hun 441, 456, 33 N.Y.S. 929, it was held that it was petitioner's duty to insert an accurate specific description, with reasonable certainty, of the precise property rights to be condemned, to the end that defendants would be enabled to understand just what was sought to be taken from them and what would be left, if anything. The petition was held insufficient because it did not specify all the water power rights affected by the proposed storage and taking of water from Skaneateles Lake, which by statute the city was required to take if it desired to condemn the waters of that lake for its domestic purposes.

In Matter of Roe, 59 Misc. 535, 111 N.Y.S. 755, the petition did not describe whether a fee or flowage right was to be taken for village water supply purposes, and the land taken was not described by metes and bounds.

The cases of United States v. Aho, D.C., 51 F.Supp. 137; United States v. 43,355 Square Feet, D.C., 51 F.Supp. 905; United States v. Certain Parcels of Land in City of Baltimore, D.C., 55 F.Supp. 257; United States for Use of Reconstruction Finance Corporation v. Certain Parcels of Land in Los Angeles, D.C., 62 F.Supp. 1017; Pennsylvania Co. v. Cole, C.C., 132 F. 668, 682; and Metropolitan El. Ry. Co. v. Dominick, 55 Hun. 198, 202, 8 N.Y.S. 151, are not to the contrary, and do not control.

■ The petition here specifically describes by metes and bounds the perimeter of the West Point Reservation, in which the United States is the owner of all lands adjacent to and abutting on the roads, highways and trails sought to be taken. It further states that petitioner seeks the fee simple title of all roads, trails and highways within the reservation so described except those shown in red on the map attached, and those so excepted are named and further referred to in the description set out at length in paragraph III. The contesting defendants identify the excepted highways in their answers. In my opinion, the petition adequately and specifically describes what is to be taken and the interest sought by petitioner therein.

■ The contesting defendants finally urge that the description is insufficient because it does not present a definite record as to what remains in their ownership, so that in the future there may be no difficulty in determining criminal jurisdiction, as

pointed out in People v. Hillman, 246 N. Y. 467, 159 N.E. 400, which held that the State has no criminal jurisdiction over lands owned by the United States and in respect to which there has been a cession of jurisdiction by the State.

The State does not object. If the problem of cession and with it the surrender of any jurisdiction arises, the State will better be the one to take such action as it may deem appropriate. But, under the decisions, that consideration, if it may exist, cannot prevent petitioner from condemning. That it may never arise seems to me most certain in view of the all inclusive taking.

The motion of petitioner-plaintiff is granted, and the usual interlocutory judgment may be settled and entered on notice.