Harrifon, in fupport of the rule, read a petition from the Mayor, Aldermen and Commonalty of New-York, Hating, that all the ilreets and highways in the city are, by law, veiled in them and their fucceffors, and were fo previous to the 2d of April, 1799.
That the Prefident and Directors of the Manhattan Company, ihortly after their incorporation, and without licence from the petitioners, had dug in fcveral of the ilreets trenches for laying the water pipes of the Company, and materially injured the pavements.
That ineffectual endeavours had been ufed to briny the O Company to an agreement with the petitioners, and therefore they prayed perfons to be appointed to eftimate, &c.
He Hated alfo, from affidavits, that on the fixth of July laft a copy of the above petition was ferved on the Manhattan Company by delivering the fame to their caíhier ; that this was previous to the delivery of it to Mr. Juftice Kent for his warrant, (but how long previous the affidavit did not Hate) j that on the 12th day of the fame month the warrant, appointing the three perfons above named, was iffued; that on the twenty-fixth day of the fame Jvly a copy of the war *508 rant was ferved on the calhier of the Company, and on the next day a notice that the perfons, fo appointed, would meet at jq 0’cl0ck 0f the fame day to proceed in the duties affigntlisin*
Hamilton, contra, infilled that, from the facts as they appeared on the affidavits of the other fide, it was manifeft the notice of an application to appoint perfons to eftimate was imperfect; it fpecified neither time nor place, when and where the Company might attend to oppofe the nomination .of improper perfons. That this was analogous to, and-by the act intended as a fubftitute to a rrial by jury; that, therefore, the fame rights, as would be had in that mode, ought to be preferved in this—and of thofe rights, that of challenge was one. He then read an affidavit by the Prefident of the Manhattan Company, ihewing, that Mr. Hammond was a very large freeholder in New-York, and there had his principal refidence ; and alfo, that the original coft of paving the places was only 3525 dollars, though the damages which had been áíTefTed, as a compenfation for the injury, amounted to 6881 dolls. From hence he contended, that Hammond was 'an interefted perfon (tlio’ he might have added perfectly confcientioully) as the houfes of proprietors were ailcifed for the pavements oppofite their lots, and the more was gotten from, tire Company the lefs would the freeholders be called on to pay. The notice, alfo, of attending the meeting of the perfons, appointed by the judge’s warrant, was of a piece with the reft : it was, as appears by Mr. Remfen’s affidavit, ferved on him, as cailiier of the Company, only ten minutes before the afieflbrs were to afiemble. In the next place it may be a queftion how far any fervice was valid, which was not on tire Prefident himfelf, he being the head of the Company. It is alfo doubtful whether the judge had any jurifdiddion, the a£l gives him authority only when the Company and the Corporation difagree; the petition does not ftate this, but that they did not agree.
Harrifon in reply. The add does not preferibe any time at which notice is to be given. It is evident, however, that there was no intention of furprife as there were fix days between the fervice óf the petition and the judge’s warrant. *509 Suppofing the analogy to trial by jury to be corre£t, Ml the Company were too late. The fervice of the petition was enough to fet them on enquiry, and they have lain by till the whole bufinefs is finiihed, and then, becaufe they think themfelves aggrieved, they come forward. Were a party to be thus filent, and take the chance of a verdift, it would be too late for him to urge any challenge to a juror. The petition ftates that all endeavours to bring the Company to an agreement were ineffectual; whether this amounted to disagreeing, or only to not agreeing, and the distinction to be taken between them, he declined to argue.
Per curiam, delivered by Thompfon, J. The application is to affirm the report of appraifers acting under the fifth faction of the ftatute incorporating the Manhattan Company. The a£t directs, that “ in cafe of difagreement, &c. it fliall ,c be lawful for the Judges of the Supreme Court of this “ ftate, or any one of them, (not being an inhabitant of the ££ faid city,) upon the application of either party, to nomin- <£ ate and appoint three indifferent perfons to view, examine “ and Survey the faid lands, &c. and to eftimate the injury 61 fuftained as aforefaid, and to report thereupon without de£c lay •, and upon the coming in of fuch report, and the con- “ firmation thereof by the faid court, the Company íháll ££ pay the fum mentioned in the report,” &c. On the part of the Company the firft caufe iliewn againft confirming is, that the application to Mr. Juftice ICent was made without due notice. The fecond, that one of the appraifers was interefted, and, therefore, an improper perfon. The third, that the damages awarded are exceffive. As to notice it is not denied that it was neceffary, though it is infifted that which was given was fufficient. The petition appears to have been ferved on the caihier, and contains neither time when, nor place where the application would be made to the judge. The notice then is altogether irregular. It wants the neceffary requisites of time and place to enable the oppofite party to attend and objeft to the appointment of appraifers. On the fecond point the affidavit of the Prefident iliews, that one of the perfons nominated was interefted ; and this again proves the importance of notice, for had the company ap *510 pearcd they might have ihewn his intereft and hindered his appointment. This intereft is not denied by the corporation, ^gy merely urge that it is alleged at too late a period. As to the damages, an injury to the amount of 6881 dollars is affelled on that which originally coft only 3525 dollars. The corporation, it is true, fay that the ftreets were much injured, but this ought to have been ihewn more fatisfadorily, and is fufficient to fend this matter for further inveftigation. A queftion, however, has been made, whether the Company can now avail themfelves of thefe objedions ? They muft be at liberty fo to do now, or they would be remedilefs. There was not any notice given them to attend before the judge; therefore, to him they could not ftate their objections. Nor could they have applied to the judge who granted the warrant to make a further or other appointment, for under the words of the ad, the judge cannot revoke his warrant. He, therefore, is fundus officii. T he only refource then is to this court. They have no authority to interfere till this application is made to confirm, and then the matter being before them, they may proceed on the objedions taken. The report was returned on the laft day of the laft term, and from the manner in which the corporation have taken their rule, they feem to fuppofe it might now be oppofed by ihewing caufe. There can be no ground, therefore, for imputing laches, as the company have come forward at the earlieft period they could, after the court was in poiTeffion of the caufe by filing the report. But it is contended that the notice, though defedive, was enough to put the Company on inquiry, and they ought to have applied to this court diredly after fervice of the petition. The rule of pradice in this court, as to defedive notices, does not apply to this cafe. It is a’fpecial mode of proceeding under a particular ad, and, therefore, not within our regulations as to defaults. The court are of opinion, that the report be fet afide.
Kent, J. I diffent from this determination. The fad is, that the bank had notice of the petition and of the allegations of that petition. The denial of notice goes only as to time and place. The firft intimation they received was on the 6th of July, and the warrant was not ilfued till the 12th.
*511 They then again, on the 28th, received a further notice, and it is not till the 28th of November, that the report is made. The Bank remained inactive, feeing the whole bufinefs progrefs, and, had its termination been favourable, they would have abided by the event; as they deem it otherwife, they now come to us. It is a rule of moral juft ice, that no man fhall be permitted to fpeculate on his own delay. It is againft all rules of prailice, which require due diligence. If a party has a ihort notice of trial, it is enough to fet him on inquiry; and if he does not immediately come forward at the next term, we never fet afide the verdiét he has permitted to go againft him. M’ Evers v. Macklan and Gelfton, January term, 1800. The bank might have applied in the laft term, either to a judge or the court.