THE PEOPLE OF THE STATE OF NEW YORK EX REL. EDWARD RIDLEY, RESPONDENT, v. JOHN N. TAYLOR, APPELLANT.

*Collector of assessments for Brooklyn park commissioners — after he has ceased to be such — conveyances to be executed by — chapter 789 of 1873.*

Where the collector, appointed by the commissioners of the Brooklyn park, has sold lands in pursuance of chapter 789 of 1873, which provides that "upon a sale being made the said collector shall give certificates of sale to purchasers, and shall also execute and deliver conveyances of the land so purchased unless the same shall have been redeemed," and has issued certificates of sale to the purchaser, he must execute and deliver the conveyances thereof, upon the expiration of the two years allowed for redemption, even though he may have previously thereto resigned his position as collector and another person has been appointed in his place.

APPEAL from an order made at the Special Term allowing a writ of peremptory mandamus, directing the appellant to execute and deliver to the relator conveyances of lands sold to him under chapter 789 of 1873.

*John N. Taylor*, in *pro. per.*, appellant.

*Philip S. Crooke*, for the respondent.

BARNARD, P. J.:

The defendant, in December, 1873, was the collector of assessments appointed by the Brooklyn park commissioners. As such collector he sold certain lands for unpaid assessments, according to the authority given him under and by chapter 789 of Laws of 1873. The relator bought nine pieces of land, and the defendant, as such collector, gave the certificate of sale required by that act to him.

The act provides that: "Upon a sale being made the said collector shall give certificates of sale to purchasers, and shall also execute and deliver conveyances of the lands so purchased, unless the same shall have been redeemed by an owner, lessee or mortgagee thereof, within two years from the time of sale."

After the sale, and before the end of the two years, the defendant resigned as collector and a successor was appointed by the park commissioners. The question presented is, whether the defendant shall give the deed or his successor in office. I think the defendant must give the deed. He sold the land, received the money and gave the certificate. He alone is paid for his services. The act seems to say plainly that the same collector who gave the certificate of sale shall give the deed, unless redeemed within two years. The new collector is charged with no duty in regard to the sale; he can receive no compensation. I can see no application which the cases cited by appellant have to the question. The case of *People* v. *Mayor* (5 Barbour, 43) decides that the corporation of the city of New York, after having appointed commissioners of estimate, may remove them. The case of *Corporation* v. *Manhattan Co.* (1 Caines, 507) decides that a judge, after appointing commissioners of estimate, under a certain act of the legislature, had no power of removal.

The act of 1873 requires only two things to entitle the purchaser to his deed; purchase at the sale and no redemption for two years. All former laws requiring notice by purchaser were abrogated.

We think the order should be affirmed, with ten dollars cost and disbursements.

Present — BARNARD, P. J., and DYKMAN, J. PRATT, J., not sitting.

Order affirmed with costs.