Milo Wilson v. James McCrillies, Jr., et al.

*Justice's court — Verdict for damages—Certiorari.*

Trespass was brought in justice's court, on three counts, two based on the statute against forcible dispossession and one at common law for

damage to plaintiff's goods. The jury's verdict was in these words : " Damages on goods twenty-seven dollars and seventy-five cents. Actual exemplary or personal damages twenty dollars, trebled sixty dollars." *Held* that this would sustain judgment; the assessment of damages was sufficiently specific and the actual damages sufficiently indicated.

On error from the affirmance of a justice's judgment on certiorari, the review is confined to the grounds set forth in the affidavit for the certiorari.

A justice must construe and apply the verdict of a jury reasonably in the light of the proceedings.

Error to Lenawee.    (Steere, J.)    April 11.—April 18.

TRESPASS.    Defendants bring error.    Affirmed.

*Millard, Weaver & Weaver* and *D. B. Morgan* for appellants.

*Bean & Underwood* for appellee.

GRAVES, C. J.  The plaintiff recovered before the justice, and the judgment was affirmed on certiorari.  The action was trespass, and the plaintiff set forth the injury in three counts.  The first and second were based on the statute against forcible dispossession, Comp. L. § 6372, and the third was according to the common law for damage done to the plaintiff's goods.  The jury reported their findings in these terms : " Damages on goods, twenty-seven dollars and seventy-five cents.  Actual exemplary or personal damages twenty dollars; trebled sixty dollars."  The defendants insisted that no judgment should be entered on this finding for two reasons : *First*, that under the counts for forcible eviction and detention the jury had found exemplary damages which could not be trebled ; *second*, that no authority was given for adjudging single damages on these counts.  The justice ruled against the objections, and entered judgment under the first and second counts for $60 or three times the amount assessed as " actual exemplary or personal damages."  He also entered judgment on the common-law count for $27.75 being the amount assessed for

"damages on goods." The whole recovery was $87.75. The review on error is confined to the grounds laid in the affidavit for the certiorari, and the above objections cover everything worthy of notice.

The verdict is not to be read as an abstraction. It was a step in the cause, and the justice was bound to construe and apply it reasonably and in the light of all the proceedings. When thus regarded there could be no difficulty. It was a verdict of $20 on the counts under the statute, and a verdict of $27.75 on the other. The jury took care to keep the finding to be trebled separate, and in order to make it more certain they specified the $20 as the finding to be trebled. The preponderating inference from the words is that nothing beyond actual damage was included in the $20. The first word so expresses, and those that follow seem to have been used rather as partial equivalents than otherwise.

As before noticed, the jury had it strongly in mind that whatever was given on these counts would be trebled, and hence that a verdict for the actual damages, without more, would result in a sufficient infliction. That the jury went further and included in the $20 what is sometimes called damages by way of mere punishment, and which are awarded on public grounds, and not because the plaintiff has any just title to them, does not appear, as it seems to us.

No error is found, and the judgment is affirmed with costs.

The other Justices concurred.