LICKLY *v.* BISHOPP.

1. DRAINS — REVIEW OF PROCEEDINGS — CERTIORARI — NOTICE — SUFFICIENCY—INTERVENTION OF HOLIDAY.

Where a writ of certiorari to review drain proceedings was returned on November 26th, a notice given on that day that the cause would be brought on for hearing on December 1st, was sufficient under section 4346, 2 Comp. Laws, though a holiday (Thanksgiving Day) intervened between the giving of the notice and the day of hearing. Circuit Court Rule No. 36 (*a*).

2. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.

On error to review a judgment for defendant in certiorari to review drain proceedings, an assignment that the court erred in denying plaintiff's motion for an amended return is too general, and will be overruled, it not being pointed out that any record is omitted from the return, and the brief not directing attention to any specific amendment which should have been ordered.

3. DRAINS — REVIEW OF PROCEEDINGS — CERTIORARI — ISSUES OF FACT—TRIAL.

Plaintiff in certiorari to review proceedings to establish a drain is not entitled to have issues of fact framed upon the affidavit and return and have such issues tried at the circuit.

4. APPEAL AND ERROR—ASSIGNMENTS OF ERROR — SUFFICIENCY— CERTIORARI.

On error to review a judgment in certiorari, the errors assigned in the affidavit for the writ of certiorari will be considered sufficiently assigned for the purposes of a review by this court of a judgment involving the errors so assigned.

5. DRAINS—ESTABLISHMENT—DISQUALIFICATION OF COMMISSIONER.

Under Act No. 27, Pub. Acts 1901, disqualifying a drain commissioner when he is interested by reason of himself, wife, or child owning land that would be liable to an assessment for benefits, and also in cases in which he "may be otherwise disqualified to act in the premises," it is not error for the probate court to find a commissioner disqualified by reason of his holding a mortgage upon lands liable to assessment.

Error to Hillsdale; Chester, J. Submitted June 21, 1907. (Docket No. 34.) Decided December 10, 1907.

Certiorari by Henry H. Lickly and others to review the action of S. Chase Bishopp, special drain commissioner, in establishing a drain. There was an order dismissing the writ, and plaintiffs bring error. Affirmed.

*Barre, Smith & Chase,* for appellants.

*Clayton A. Powell,* Prosecuting Attorney, and *Spencer D. Bishopp* (*Fellows & Chandler,* of counsel), for appellee.

OSTRANDER, J. Henry H. Lickly and Henry E. Tuttle are the only names signed to the affidavit for the writ of certiorari. They profess to represent a large number of interested persons, some of them named in the affidavit, who are not, except by recital, brought upon the record. No legal significance appears to be claimed for the allegation and none is perceived. The return denies that the plaintiffs are other than those above named. The record contains what is called a bill of exceptions of some 30 pages, the matter therein consisting of argument and colloquy occurring at the hearing, and errors are assigned as follows:

"The court erred in overruling their objections to the hearing of said cause on the date the same was heard.

"The court erred in overruling their motion for the amended return.

"The court erred in rendering the judgment rendered dismissing the said writ of certiorari.

"The court erred in refusing to quash the said drain proceedings."

The writ was returned on November 26th, and on that day notice was given that the cause would be brought to hearing on December 1st, the statute permitting a hearing "upon five days' notice given to the opposite party." 2 Comp. Laws, § 4346. On November 30th, counsel for plaintiffs moved for an amended return, specifying 65 particular amendments desired, many of them apparently

150 MICH.—17.

based upon the idea that issues of fact might be framed and tried in the circuit court. This motion was, on December 1st, denied and an exception taken. The court also held the notice of hearing to be sufficient and counsel for plaintiffs excepted. The objection made was that a holiday (Thanksgiving Day) intervened the giving of the notice and the day of hearing. The notice was sufficient. Circuit Court Rule 36 (a); *Anderson* v. *Baughman*, 6 Mich. 298; *Gantz* v. *Toles*, 40 Mich. 725. This disposes of the first assignment of error.

The second assignment of error is too general. It is said in the brief that an inspection of the petition and return will show that the points raised could not be properly presented without an amended return, and we are referred to the discussion which took place at the circuit. It is not pointed out that any record is omitted from the return. The brief directs attention to no specific amendment which should have been ordered. The contention that issues of fact may be framed upon the affidavit and return and tried at the circuit is without merit.

The third and fourth assignments of error are not special and, if consideration of the case was limited by them, would deserve no further attention. In view of the decisions of this court in *Eerry* v. *Lowe*, 10 Mich. 9; *Burnham* v. *Van Gelder*, 32 Mich. 490; *Chicago, etc., R. Co.* v. *Campbell*, 47 Mich. 265; *Wilson* v. *McCrillies*, 50 Mich. 347, and of apparent lack of uniformity in the practice, it is proper to say that errors assigned in the affidavit for the writ of certiorari will be considered sufficiently assigned for the purposes of a review by this court, upon writ of error, of a judgment rendered in the circuit court involving errors so assigned. We have examined the alleged errors relied upon by counsel for appellants in the brief. It appears that the petition for the drain is sufficient to confer jurisdiction; that plaintiffs were served with the citation issued by the probate court upon the application for appointment of commissioners; that they are two of those who declined to release the

right of way and damages; that Henry Lickly, one of the plaintiffs, filed a written demand that a jury be appointed. To the probate court and to this jury, under the law, is confided the determination of many of the questions now presented here. It does not appear that cause was shown against granting the prayer of the application, that any objections were made to any errors or irregularities in the proceedings. 2 Comp. Laws, § 4325. None of the evidence submitted to the jury is before us. It does not appear that objections were made to the report of the jury or to its confirmation. Indeed, the writ does not run to the judge of probate. Plaintiffs in certiorari occupy the position of affirming the existence of facts not appearing by the files and records in the drain proceedings, which facts are alleged as reasons why the court should declare the proposed improvement to be illegal. They are facts which were properly addressed to the probate court or the jury either as reasons for not appointing commissioners, for not finding the proposed improvement necessary, or for refusing to confirm the report. Many of the objections are specifically answered by the opinion of this court in *Patterson* v. *Mead*, 148 Mich. 659. We find but one which requires discussion. The proceeding was begun in 1905. S. Chase Bishopp was then county drain commissioner of Hillsdale county, and made the survey and first order of determination. His successor in office, appointed in October, 1905, was Joseph H. Edinger. He filed with the judge of probate a petition or suggestion in accordance with Act No. 27, Pub. Acts 1901, in which he stated that he was disqualified to act in this matter "by reason of being the owner of lands subject to assessment for the construction of said drain." An order was made, which was duly published, reciting the facts and appointing February 5th for a hearing upon the petition. It does not appear by any record returned here what became of this application. It resulted in no determination or order. On April 4th, upon the application of persons, most of whom signed the petition for the im-

provement, April 21st was fixed as a day for hearing and notice was published. It is set out in this application that Edinger was disqualified because he was holder and owner of a mortgage upon lands liable to be assessed. On April 21st, the court made and entered an order determining that Edinger, the county drain commissioner, was disqualified for the reason that he was owner and holder of a mortgage upon lands liable to assessment for said drain, and appointed S. Chase Bishopp, found to be a resident freeholder, not a resident of either township affected, and "a fit and proper person for said trust," as special county drain commissioner. Meantime, the judge of probate had been solicited by various persons, including the petitioners, to find Edinger qualified to proceed with the matter of the drain. The statute disqualifies when the commissioner is interested by reason of himself, wife, or child owning lands that would be liable to an assessment for benefits, and requires action also "in cases where such county drain commissioner may be otherwise disqualified to act in the premises." The validity of this legislation is not questioned. It is made the duty of the court, upon proper application, to determine, after a hearing, whether the county drain commissioner is disqualified. A proper application appears here. See section 2 of the act. The natural inference from all that is made to appear upon the subject is, that Edinger was, when he asked for the appointment of a special commissioner, disqualified, and that later he sold the land the ownership of which disqualified him and claimed then to be not disqualified. The fact that he owned the mortgage was the only ground of disqualification finally asserted and was the ground of decision.

Plaintiffs in certiorari assert that it was error, as matter of law, to find the commissioner to be disqualified. We are therefore required to consider whether, giving all of the provisions of the statute effect so far as it is reasonably possible to do so, we can say, as matter of law, that the county drain commissioner was not disqualified.

Some meaning must be given to the words "otherwise disqualified to act in the premises." Before the passage of Act No. 27, Pub. Acts 1901, no statute prohibited the commissioner, because of his interest, from performing all the duties of his office in all cases. It is fair interpretation of the act to say that it is intended to secure an indifferent person to perform such duties, and that, in legislative contemplation, the officer may be disqualified although neither he nor his wife nor child owns land which is liable to an assessment. Undoubtedly, the people of a community are entitled to the services of the officers duly elected or appointed to perform public duties in that community. But no higher public policy is served by any recognized rule of the law than by that rule which demands that indifferent tribunals shall determine private rights. We are not informed concerning the value of the land covered by the mortgage or the amount secured by the mortgage. The affidavit for the writ avers, only, that "said Edinger was not disqualified and owned no land or property liable to be assessed in said proceedings. At one time he owned a farm but sold it and held the mortgage thereon," and attached are the petition for and the order appointing the special drain commissioner. It otherwise appears that when he assumed the duties of his office Edinger was disqualified and so, himself, advised the probate court. There was a hearing and an adjudication. We are of opinion, and the case does not require that more shall be said, that upon this record we cannot say that the finding of the probate court should be reversed, because we cannot assume that the owner of a mortgage upon land liable to an assessment for a drain may not be, for that reason alone, disqualified, within the meaning of the statute.

We find no error and the judgment of the circuit court is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.