1. EMINENT DOMAIN (§ 149*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—TAXES AS LIEN ON AWARD.

　　In proceedings to ascertain compensation to be paid for lands injured by the change of a street grade, pursuant to the grade crossing act (Laws 1890, c. 255), taxes which were a lien on the land when the damage was done are a lien upon the award and should be deducted therefrom, but subsequent taxes are a lien upon the land as damaged only.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–331; Dec. Dig. § 149.*]

2. EMINENT DOMAIN (§ 235*)—ASCERTAINMENT OF DAMAGE FROM CHANGE OF STREET GRADE—VIEW OF PREMISES BY COMMISSIONERS.

　　In proceedings to ascertain compensation to be paid for injuries to land for change of a street grade pursuant to the grade crossing act (Laws 1890, c. 255), the commissioners of award should view the premises as a body, and not individually, but a view by the commissioners individually

is not a jurisdictional error, but a mere irregularity, which cannot be objected to on motion to confirm the commissioners' report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 601; Dec. Dig. § 235.*]

3. EMINENT DOMAIN (§ 235*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—ELIGIBILITY OF COMMISSIONERS OF AWARD.

Though commissioners of award in proceedings to ascertain compensation to be paid for damages to land from a change of street grade, pursuant to grade crossing act (Laws 1890, c. 255), are required by section 9 to be freeholders of the city of Buffalo, that one of the commissioners was not such a freeholder is not a jurisdictional defect, but a mere irregularity, which cannot be objected to on motion to confirm the commissioners' report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 601; Dec. Dig. § 235.*]

4. EMINENT DOMAIN (§ 227*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—QUALIFICATIONS OF COMMISSIONER.

That one of the commissioners of award was a nominal party to the proceedings would not disqualify him; it not appearing that he had any interest in the award, or that he was a necessary or proper party at the time of his appointment, Code Civ. Proc. § 46, now Judiciary Law, § 15 (Consol. Laws, c. 30), disqualifying a judge from sitting in a cause in which he is a party, not applying to commissioners in condemnation proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 581; Dec. Dig. § 227.*]

5. EMINENT DOMAIN (§ 235*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—ELIGIBILITY OF COMMISSIONERS OF AWARD.

The objection to the commissioner that he was a nominal party to the proceedings comes too late on motion to confirm the commissioners' report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 601; Dec. Dig. § 235.*]

6. EMINENT DOMAIN (§ 229*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—QUALIFICATIONS OF COMMISSIONERS OF AWARD—FAILURE TO TAKE STATUTORY OATH.

Grade Crossing Act (Laws 1890, c. 255) § 9, requires the commissioners of award in proceedings to ascertain compensation to be paid for damages to land from the change of a street grade to take an oath to faithfully discharge the duties of commissioners, and to ascertain and report the just compensation to be paid to the owners of and parties interested in the land for taking the same, or for the injury thereto, to the best of their ability. The commissioners in such a proceeding each took an oath "to faithfully discharge the duties of the office of commissioner in the above entitled proceedings to the best of his ability." *Held*, that the failure of the commissioners to take the statutory oath rendered their proceedings illegal; there having been no waiver of the irregularity.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 583; Dec. Dig. § 229.*]

7. EMINENT DOMAIN (§ 235*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—PROCEEDINGS TO CONFIRM REPORT OF COMMISSIONERS OF AWARD—OBJECTIONS—INADEQUACY OF AWARD.

Upon motion to confirm the report of commissioners of award in such proceedings, the objection that the award was inadequate cannot prevail, in the absence of evidence that the award is palpably unjust.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 601; Dec. Dig. § 235*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. EMINENT DOMAIN (§ 237*)—ASCERTAINMENT OF DAMAGES FROM CHANGE OF STREET GRADE—PROCEEDINGS TO CONFIRM AWARD OF COMMISSIONERS— POWER TO SET ASIDE AWARD FOR IRREGULARITY.

Grade Crossing Act (Laws 1890, c. 255) § 9, providing for the changing and grading of the crossings and occupation of streets in Buffalo by railroads, and for the ascertainment and payment of damages, from change of street grade, provides (section 9) that, upon report of the commissioners of award being filed, any party interested may move the court for confirmation thereof, and that it shall be confirmed. *Held,* that the court has power to set aside the award for error or irregularity.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Application of the Grade Crossing Commissioners of Buffalo for the appointment of commissioners to ascertain the compensation to be paid for injuries from the change of a street grade to land claimed to be owned by Clinton K. De Groat and others. On motion to confirm report of commissioners of award. Award set aside and rehearing ordered.

Spencer Clinton, for the motion.
Henry W. Killeen and Frank F. Williams, opposed.

POUND, J. Certain of the property owners affected by this proceeding object to the confirmation of the report on the following grounds:

First. That the award of taxes to the city or county was erroneous, uncertain, and indefinite. The taxes proved amount to $10.36 against parcel No. 2, nothing against the other parcels represented by the objectors. The objection is not substantial. The amount of taxes was properly proved. The taxes which were a lien on the land at the time the damage was done are a lien upon the award, and should be deducted therefrom. Subsequent taxes were liens upon the land as damaged only, but no objection was made to the introduction of the tax searches in evidence. It would seem that the taxes of 1910 on parcel 2, amounting to $3.02, are not a lien on the award, and should not be deducted therefrom.

Second. That the commissioners did not view the premises as a body, but individually. This was an irregularity, and not a jurisdictional error. The commissioners should, however, view the premises as a body. They act throughout as a body, and not as individuals.

Third. That one of the commissioners was not a "freeholder of the city of Buffalo," as required by the grade crossing act (Laws 1890, c. 255, § 9). The obvious meaning of this requirement is that the commissioners shall hold title to real property in the city of Buffalo—not in Oklahoma or Siam. But this again is an irregularity, and not a jurisdictional defect. The parties had a right to dispense with such qualifications by consent, and it is now too late to raise the objection. Matter of Baker, 173 N. Y. 249, 65 N. E. 1100.

Fourth. That one of the commissioners is a nominal party to this proceeding. It is not claimed that he had any interest in the award, or that he was a necessary or proper party at the time of his appointment. He was a "disinterested freeholder." Section 46 of the Code

of Civil Procedure (now section 15 of the judiciary law [Consol. Laws, c. 30]) disqualified a judge to sit in a cause or matter in which he is a party; but this section does not apply to commissioners in condemnation proceedings. Matter of Ogden St., 63 Hun, 188, 17 N. Y. Supp. 744. Unquestionably, an interest in the award, however slight or remote, would disqualify the commissioner and be fatal to the award, but no bias, actual or implied, is shown here. All parties knew Mr. Norton's relations to the proceeding when he was appointed and they fully acquiesced in such appointment. This objection also comes too late.

Fifth. That the commissioners did not take the oath required by the statute. They each took an oath "to faithfully discharge the duties of the office of commissioner in the above-entitled proceeding to the best of his ability." The statute (section 9, supra) requires the commissioners to take a further oath "to ascertain and report the just compensation to be paid to the owners of, and parties interested in, the lands for taking the same or for injury thereto, to the best of their ability." To so ascertain and report is their sole duty as defined by the grade crossing act (section 9, supra). Having taken an oath "faithfully to discharge their duties," the rest might seem to be superfluous, except for emphasis. But the commissioners should have taken the oath as required by the statute, and, not having done so, their proceedings were illegal. It was for the Legislature, and not for the commissioners, to fix the form of oath required. Merritt v. Portchester, 71 N. Y. 309, 27 Am. Rep. 47. This irregularity might have been waived, but here there has been no waiver, no intentional abandonment, express or implied, of the right to have commissioners who had taken the statutory oath.

Sixth. That the award is inadequate. According to well-settled principles governing these cases, this objection should not prevail in the absence of evidence that the award is palpably unjust. Matter of Grade Crossing Commissioners, 52 App. Div. 122, 64 N. Y. Supp. 1074. The awards complained of, while certainly not excessive, were in excess of the valuations given by the city's witnesses, and should not be disturbed, except for the irregularities, particularly the fatal irregularity in regard to the oath of office, above indicated. Although the grade crossing act provides that the court shall confirm the report (section 9, supra), I doubt not its power to set aside the award for error or irregularity. Matter of Application of N. Y. C. & H. H. R. R. Co., 64 N. Y. 60; Matter of the Application of Daly, 189 N. Y. 34, 81 N. E. 560. Too much reliance should not be placed on implied waivers of irregularities in these proceedings.

The award is therefore set aside for irregularity, and a rehearing before a new commission ordered.