COUNTY OF ORANGE, Respondent, *v.* STORM KING COM-
PANY and PHILIP A. MOSMAN, as Trustee, Appellants,
Impleaded with COLUMBIA TRUST COMPANY, as Trustee,
Defendant.

Second Department, April 9, 1920.

Eminent domain — condemnation of land for highway which is
charge upon county — qualifications of commissioners to appraise
damages — owner of real estate ineligible — waiver.

Where land to be taken for a highway is made a charge upon a county a
person in said county who owns real estate is not a competent and dis-
interested freeholder and should not be appointed a commissioner to
determine the compensation to be awarded. Hence, an award in which
such ineligible person participated will be set aside and the matter remitted
to new commissioners although he testifies that in determining the damages
he was not conscious of his ownership of real estate and was governed by
the law and the evidence.

Irrespective of whether the requirement of a disinterested tribunal may be
waived, *held*, that there was no such waiver.

JAYCOX and BLACKMAR, JJ., dissent.

REARGUMENT of an appeal by the defendants, Storm King
Stone Company and another, from an order of the Supreme
Court, made at the Orange Special Term and entered in the
office of the clerk of the county of Orange on the 21st day of
December, 1916, confirming the report of commissioners in
proceedings to condemn certain lands for a State highway in
Cornwall, Orange county. (See 190 App. Div. 914.)

On January 30, 1915, the court gave judgment of condemna-
tion, appointing three commissioners, who were directed to
hold their first meeting on February 8, 1915. The commis-
sioners took proofs, made a report dated July 31, 1916, in
which they found and stated the compensation for the lands
taken and for the injury to the residue of the owners' property
at $48,475. Before the report came up for confirmation, and
on October 17, 1916, Mr. Malthaner, an attorney in the office
of the attorneys for the defendants, inquired of Mr. Edward J.
Collins, a member of the Orange county bar, who had acted
as chairman of this commission, whether he was an owner of
real estate in Orange county. Mr. Collins promptly replied

that he owned real estate consisting of about 233 acres, less a school site, in the town of Montgomery in said county, and had been such owner since May 31, 1907. It appeared that in the years 1915 and 1916 such property had been entered on the assessment rolls of said town at $3,000. The defendants moved to vacate the award on affidavits. This was denied and the plaintiff's motion to confirm the report was granted, the court having overruled the objection by reason of the alleged disqualification of Mr. Collins as a taxpayer in Orange county, also the exceptions to the award for inadequacy and on other grounds, and directed payment of the sum awarded, with interest and costs, from which order this appeal is taken.

*Louis Marshall,* for the appellants.

*Percy V. D. Gott* [*George A. Blauvelt* and *Joseph W. Gott* with him on the brief], for the respondent.

PUTNAM, J.:

The land to be taken for this highway is made a charge on the county of Orange. (Highway Law §§ 148, 149, 151, 153.) This law provides for the appointment of three disinterested persons as commissioners (§ 151). The judgment of condemnation described the three persons named as " three competent and disinterested freeholders of the Judicial District embracing the County where said real property is situated," following the wording of section 3369 of the Code of Civil Procedure. These statutes devolve the choice of commissioners wholly on the court, without means to examine the appointees as to their qualifications, such as are provided in condemnations in New York city. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 973, as amd. by Laws of 1906, chap. 658, and Laws of 1910, chap. 336; Greater N. Y. Charter, § 1004, as added by Laws of 1915, chap. 606.) The appointment was in effect an adjudication that the persons named were eligible under the provisions of the statute and the common law. The primary question is whether Mr. Collins, as an Orange county taxpayer, was a disinterested commissioner. On this reargument we are in substantial accord that he is not competent and disinterested,

and thus was not eligible. (*Parishes of Great Charte & Kennington,* 2 Strange, 1173; *King* v. *Inhabitants of Yarpole,* 4 Durn. & East, 71; *The Queen* v. *Justices of Hertfordshire,* 6 Ad. & Ell. N. S. [51 Eng. Com. Law] 753; *Corporation* v. *Manhattan Co.,* 1 Caines, 507; Lewis Em. Dom. [3d ed.] § 619; 2 Nichols Law. of Em. Dom. [2d ed.] § 341.) A resident and taxpayer in a municipal corporation is not a competent juror in an action against the municipality, or in a proceeding in which it is directly interested. (*Diveny* v. *City of Elmira,* 51 N. Y. 506. See 24 Cyc. 271.) Likewise in a *qui tam* action, where half the recovery goes to the poor of the town where the offense was committed, the inhabitants of such town cannot act as jurors. (*Wood* v. *Stoddard,* 2 Johns. 194. See *Matter of City of Rochester* v. *Holden,* 224 N. Y. 386, 393.)

Even where a commissioner held a mortgage on lands liable to be assessed in drainage proceedings, he was held to be disqualified. The court said: " No higher public policy is served by any recognized rule of the law than by that rule which demands that indifferent tribunals shall determine private rights." (*Lickly* v. *Bishopp,* 150 Mich. 256, 261.) While the Legislature may enact that local taxpayers shall be competent in matters affecting them (*Hildreth* v. *City of Troy,* 101 N. Y. 234; Code Civ. Proc. § 1179), it has not removed such disqualification of interest so that a county freeholder could condemn a county right of way, the cost of which should fall on the taxpayers of such county. The extent of the increased tax burden from the award is immaterial. It is the fact of interest, not its amount, that disqualifies. This commissioner, who was chairman of the commission, deposed: " In making the award, I was not conscious of the ownership of said property, and in determining the damages, I was governed by the law and evidence." We do not doubt the sincerity of this statement. Nevertheless, so deep and subtle is the influence of interest, that the defending landowners are not to be subjected to its effects, even if unconscious, or the plaintiff to what sometimes happens, an opposite leaning in the solicitude to do more than make adequate compensation.

The report herein has been confirmed on the ground of waiver. Matters like the omission of the oath or like formal requirements may be waived. Yet even this is dangerous in

such strictly statutory proceedings.  As Mr. Justice Pound has warningly declared: " Too much reliance should not be placed on implied waivers of irregularities in these · proceedings." (*Matter of Grade Crossing Commissioners,* 69 Misc. Rep. 23, 26.  See, also, *Douglass* v. *Byrnes,* 63 Fed. Rep. 16.)  Here it is urged that before hearings began appellants were informed that Mr. Collins was a taxpayer of Orange county.  No such entry appears on the minutes of the commission that such interest was disclosed to the parties.  If defending land-owners, in such proceedings, have waived or can waive their rights to a disinterested tribunal, certainly such waiver should be clearly established.  The majority of this court are unwilling to sanction the finding of such a waiver merely on the uncertain affidavits of parties who attempt to speak of conversations that took place before the commission had organized, or when one not an attorney had attended to ascertain the date for adjournment.  The court named these commissioners. The commissioner appointed must be presumed to have known the law and the fact of his interest, and we cannot sustain the theory of waiver upon statements of what was talked about in the presence of a subordinate representative, which conversations are strongly controverted and which never reached the parties or their attorneys of record. ·

Without deciding that in such proceedings it would be competent to waive the requirement of a disinterested tribunal, the majority of the court are unable to find that any such waiver did occur, or that the defendants' representatives, with knowledge of this disqualification, acquiesced and consented to go on before this commissioner.

However regrettable it may be to reverse and send back the proceedings for a new commission, we regard it as indispensable that the defendants be given the disinterested, impartial and indifferent commission to which the statute entitles them.

The order is, therefore, reversed, with a single bill of costs to the appellants, and the matter should be remitted to a new commission for reappraisal.

Rich and Kelly, JJ., concur; Jaycox, J., dissents on the ground that the justice at Special Term was justified in holding

that there was a waiver of the disqualification of the commissioner, with whom BLACKMAR, J., concurs.

Order confirming report of commissioners in condemnation proceedings reversed on reargument, with a single bill of costs to the appellants, and matter remitted to a new commission for reappraisal, to be appointed by the Special Term.