FOWLER *v.* ANDERSON

LIMITATION OF ACTIONS — NEGLIGENCE — PROCESS — LIMITATION PERIOD LAST DAY — HOLIDAY.

    Substituted service of process on defendants 91 days after the nominal expiration of the three-year limitation period for negligence actions, which had been tolled for 90 days by the placement of process in an officer's hands for immediate service, was not timely; the fact that the day on which the limitation period would have expired had it not been extended for 90 days was a holiday did not give plaintiffs an additional day because the purpose of adding another day to the period and that purpose is best served by treating the last day on which service can be effected as the end of the period, not as an intervening day when the period would have ended, but did not, had the statute of limitations not been tolled (MCLA § 600.5856; GCR 1963, 108.6).

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 June 2, 1970, at Detroit. (Docket No. 7,453.) Decided July 28, 1970.

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions §§ 60, 102.

Complaint by Henderson Fowler, Janet Fowler, and Mary C. Reid against Aubrey Anderson, Sr. and Aubrey Anderson, Jr., for negligence. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Williams, Rains & Williams (Norman L. Zemke,* of counsel), for plaintiffs.

*Rouse, Selby, Dickenson, Shaw & Pike (William H. Morman,* of counsel), for defendants.

Before: J. H. Gillis, P. J., and Levin and Borradaile,* JJ.

Levin, J. The trial judge found that plaintiffs' claims were barred by the statute of limitation and entered an accelerated judgment dismissing their complaint. We affirm.

Plaintiffs' claims arise out of an automobile accident on July 4, 1965. They commenced this action on April 19, 1968, well within the three-year limitation period.[1] Efforts to serve the defendants were unsuccessful until October 3, 1968 when, pursuant to the authority provided in GCR 1963, 105.8, an order permitting substituted service was entered by the court.[2] The defendants were served later that day.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See MCLA § 600.5805(7) (Stat Ann 1962 Rev § 27A.5805[7]).

[2] Rule 105.8 authorizes the court in its discretion to allow service to be made in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard, if the order is entered before service is made upon a showing that service cannot reasonably be made in the manner provided for under other rules.

One of the purposes of this rule is to provide a means of serving defendants who are intentionally avoiding the process server. See 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 112. The order authorizing substituted service entered in this case recites that service was being deliberately avoided. It was apparently modeled on the form suggested in Honigman and Hawkins, Michigan Court Rules Annotated, Forms, § 8, p 20.

October 3, 1968 is 91 days after July 4, 1968, the nominal expiration of the three-year limitation period.

It appears that on June 19, 1968, a copy of the summons and complaint were in good faith placed in the hands of an officer for immediate service, thereby tolling the statute for not exceeding 90 days under the provisions of RJA § 5856.[3] The plaintiffs contend that the service effected on October 3—the 91st day after the nominal expiration of the three-year limitation period—was timely because the last day of the limitation "period" was a holiday, July 4, and, therefore, an additional day is added under rule 108.6.[4]

We are convinced that both the language and the policy of the statute and of the court rule militate against the construction urged by the plaintiffs in seeking the additional day.

The running of the statute of limitation was "tolled," *i.e.*, interrupted and suspended (see footnote 5, *infra*), for 90 days. September 17, 1968 was the 90th day. On September 18, 1968, "the end of the 90-day period, the statute again started to run."[5]

---

[3] MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

[4] "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or legal holiday." GCR 1963, 108.6.

[5] Committee note to RJA § 5856, reprinted as annotation in 34 MCLA p 945, and 23 Stat Ann 1962 Rev, p 135.

The committee note is quoted and applied in *Troy W. Maschmeyer Company* v. *Haas* (1965), 376 Mich 289, 300, 302 (*per* Mr. Justice OTIS SMITH, two other justices concurring; the other justices did not regard RJA § 5856 to be applicable at all), where it is said that after the expiration of the maximum 90-day tolling period, "the period of limitations started to run again."

In *Sera* v. *Eberlein* (1968), 11 Mich App 139, where the nominal expiration date was March 7, 1966, the summons and complaint were filed and placed in the hands of the officer on March 4, 1966. We said that assuming that RJA § 5856 was applicable, (p 142) "the

There were then 15 days left in the three-years plus 90 days period; the last day of this enlarged period was October 2, 1968, the day before the defendants were served.[6]

The last day of the "period" referred to in the court rule was October 2, 1968, not July 4, 1968. The purpose of adding an additional day to the period when the last day is a Saturday, Sunday or legal holiday is to avoid shortening the period in such a case. On such days the courts may be closed and, even if open, many persons do not transact business on such days.[7] That purpose is best served by treating the last day on which service can be effected as the end of the "period," not an intervening day[8] when the period would have ended, but did not, had the statute of limitation not been tolled.

October 2, 1968 was neither a Saturday, Sunday nor a legal holiday. Our holding that it was the

---

statutory time limitation would have been tolled for 90 days, from March 4, 1966 through June 2, 1966." Similarly, see, *Buscaino* v. *Rhodes* (1969), 20 Mich App 329, 332 (*per* J. H. GILLIS, J), where it was said that compliance with RJA § 5856 "stops" the running of the limitation period for 90 days.

[6] That even a one day delay is fatal, see *Meyers* v. *Geer* (1966), 4 Mich App 392, 395, and also the committee comment referred to in footnote 5 where an example is given hypothesizing a case where the summons and complaint are placed in the hands of an officer at a time when there is 30 days remaining in the limitation period. And, thus, by tolling, 90 days are added to the 30 days leaving 120 days within which to effectuate service. The committee comment concludes:

"If the service had been made 121 days after the filing of the complaint the [defendant] could have pleaded the statute of limitations as a bar to the action."

[7] See *Brown* v. *Porter* (1968), 13 Mich App 6, where in holding that Rule 108.6 applies to the time periods established in general statutes of limitations we observed that (p 10) "this interpretation permits the court clerk's office to be closed on Saturdays, Sundays and legal holidays without shortening the time established by the legislature within which suit may be commenced."

See MCLA § 600.1831 (Stat Ann 1962 Rev § 27A.1831), placing restrictions on the service of process on a Sunday.

[8] See *Anderson* v. *Baughman* (1859), 6 Mich 298, holding that an intervening Sunday is not to be excluded in a time computation. Similarly, see *Lickly* v. *Bishopp* (1907), 150 Mich 256, 258.

last day on which service could have been effected does not shorten the time within which service might have been effected; the plaintiffs had a full 3 years and 90 days within which to serve the defendants. The happenstance that the nominal expiration of the three-year limitation period—July 4, 1968—was a legal holiday does not provide a rational reason for adding an additional day; because of the tolling of the statute the defendants could have been served on July 5, 1968 even though an additional day is not added.

Affirmed. Costs to defendants.

All concurred.

